■ In the Matter of DOROTHY WOMER, Appellant, v. TRUSTEES OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered March 28, 1974 in Albany County, which dismissed the petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the State University of New York at

Albany (hereinafter SUNYA) to extend her appointment for one year from August 31, 1974. The petitioner was employed by SUNYA in a nonteaching professional position as Assistant Registrar, and her three-year term of employment was scheduled to expire on August 31, 1974. Pursuant to an agreement and accompanying memorandum of understanding between her union and the State University of New York, however, her employer was required to make an employment evaluation on her and to inform her of the results thereof at least one year and 45 days prior to her expiration date. Within five business days after her notification, she could appeal her evaluation to the committee on professional evaluation, which would review the situation and forward its recommendations to her and the campus president. If the president then decided that her appointment was not to be renewed, she was entitled to notification by August 31, 1973 of his decision, which was final except that an appeal could be made to the chancellor within 10 business days of the determination upon the ground that it was arbitrary and capricious. With this procedural framework in mind, we have determined that the record in this case mandates an affirmance of the judgment of the trial court which dismissed the petitioner's application because she had failed to exhaust her administrative remedies. While, admittedly, SUNYA failed to timely notify the petitioner of her unsatisfactory employment evaluation, there is no indication that she was prejudiced by the resultant delay. Furthermore, upon receiving notification on August 10, 1973, she neglected to file an appeal within the prescribed time period of five business days thereafter and, instead, waited until she was terminated on August 27, 1973, before taking any action. Thus, the campus president had justification for denying her appeal merely because it was tardily filed, but he also rejected it on the merits after examining the case and the evaluation committee's review. At this point, the petitioner could still have appealed to the chancellor and challenged the president's decision as being arbitrary and capricious. Once again, however, she chose to disregard the established administrative procedures by instituting the instant proceeding which, accordingly, was properly dismissed by the trial court (cf. *Matter of Bianchi* v. *McCoy*, 32 A D 2d 871, affd. 26 N Y 2d 770). Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.