■ In the Matter of CHERYL WATSON, Respondent, v BLANCHE BERN-STEIN, as Commissioner of the New York City Department of Social Services, et al., Respondents, and BARBARA BLUM, Commissioner of the New York State Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to provide the petitioner with emergency assistance, the respondent State commissioner appeals from so much of a judgment of the Supreme Court, Kings County, entered May 10, 1978, as granted said relief. Judgment affirmed insofar as appealed from, without costs or disbursements. No opinion. Hopkins, J. P., Martuscello and Latham, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment insofar as appealed from, on the ground that the hearing examiner had before him the question of credibility and found against the petitioner.

■ In the Matter of MARION WHITLEY, Appellant, v BOARD OF EDUCA-TION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents which transferred the petitioner from P.S. 47 in Manhattan, she appeals from a judgment of the Supreme Court, Kings County, dated March 13, 1978, which granted the respondents' cross motion to dismiss the petition. Judgment affirmed, with $50 costs and disbursements. The petitioner is a tenured teacher of the deaf in the City School District of the City of New York. After teaching for approximately 10 years at P.S. 47 in Manhattan she had a difference of opinion with the principal of the school concerning methods of teaching the deaf and was subsequently transferred against her will to another school in Manhattan. The petitioner filed a grievance in accordance with the collective bargaining agreement between the respondent board of education and the United Federation of Teachers. The agreement contains a three-step grievance procedure which culminates in submission of the grievance to arbitration. The petitioner's grievance was denied at Step 1 and she proceeded to Step 2. Before a determination was rendered at Step 2 the petitioner brought the instant proceeding to annul the transfer. The board of education's cross motion to dismiss the petition was granted by Special Term on the ground that the petitioner had failed to exhaust her administrative remedies. The determination of Special Term was correct. The dispute involves the propriety of the petitioner's transfer and definitely falls within the ambit of the grievance and arbitration procedure contained in the collective bargaining agreement. Since the dispute is thus covered, the petitioner must exhaust the remedy provided in the agreement before she can seek judicial relief (see *Matter of Houghton v Schuler,* 61 AD2d 1104; *Matter of Coffee v Board of Educ.,* 65 Misc 2d 931). This is especially so where, as here, petitioner instituted a grievance procedure and then sought to abandon it (see *Rieder v State Univ. of N. Y.,* 39 NY2d 845). In our opinion, under the facts and circumstances of this case, if the petitioner should proceed to arbitration, she should not be denied relief on a claim of untimeliness. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.