■ EUGENE JIMENEZ, Appellant, v PETER NEGRONI, as Community Superintendent of Community School District 12, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of Community School Board No.

12 dated April 29, 1987, terminating the petitioner's assignment as principal of Intermediate School 193X and reassigning him to another school, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), entered November 23, 1987, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner was principal of Intermediate School 193X until the 1986-1987 school year. At the end of that year, the respondents determined that, in order to improve the school's poor academic standards, it should be closed and redesigned. The petitioner and all the teachers of Intermediate School 193X were "excessed". The petitioner was eventually reassigned as coprincipal of another school. Another person was named principal of Intermediate School 193X when it was reopened in the fall of 1987 as a specialized school of telecommunications.

The petitioner brought the instant proceeding alleging his statutory rights under the Education Law had been violated. The Supreme Court dismissed the proceeding as premature because the petitioner had not exhausted his administrative remedies found in his union's collective bargaining agreement. We agree.

The dispute calls into question several aspects of the collective bargaining agreement concerning "excessing" and transfer. The petitioner's rights accrue under this agreement, not, as argued by the petitioner, under Education Law § 2590-j. The petitioner must exhaust his contractual remedies before resorting to judicial relief *(see, Matter of Whitley v Board of Educ.,* 65 AD2d 821). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.