■ In the Matter of SADORE LANE MANAGEMENT CORP., Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review, inter alia, a determination of the State Division of Housing and Community Renewal, dated September 17, 1987, which denied the petitioner's application for a rent increase, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rubenfeld, J.), dated May 12, 1988, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner, Sadore Lane Management Corporation, contends that the respondent State Division of Housing and Community Renewal (hereinafter DHCR) erroneously determined that there was no reliance by the petitioner on prior DHCR rulings granting applications for rent increases based on the installation of storm windows as a "major capital improvement" (hereinafter MCI) pursuant to 9 NYCRR 2502.4 (a). It argues that Operational Bulletin 84-4 (hereinafter OB 84-4), is not binding and that by not giving the petitioner an exception, allegedly pursuant to past practice, the respondent DHCR denied the petitioner due process. The petitioner submits, therefore, that the DHCR's determination lacks any rational basis in the record or in the law, and thus evidences an abuse of discretion warranting a judicial annulment. The Supreme Court found that the DHCR's determination that equitable considerations did not warrant application of its previous policy in this case, "has a rational basis in light of the wholly unexplained failure of petitioner to apply for a rent increase until five years after the installation of the windows". We agree.

It is a well-settled principle of administrative law that the law in effect at the time of an administrative determination is controlling even if it has been amended during the pendency of the proceeding (*Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, *affd* 66 NY2d 959). This rule has also been applied to a rent administrator's written interpretation of the statute it administers, such as OB 84-4 (*Matter of Ess Pee Bee Realty v Gabel,* 52 Misc 2d 1003, *affd* 28 AD2d 822). The granting to the petitioner of an MCI rent increase would be precluded by this policy alone.

Furthermore, a court's reviewing function is limited to a finding that a rational basis supports the agency's determination, and where such determination has a rational basis in the record, the court cannot substitute its own judgment for that of the agency (*see, Matter of Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, 54; *Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72). In the instant proceeding, the DHCR adhered to the policy of the agency enunciated in OB 84-4 and explained fully why it did not apply the exception contained therein. There was no unexplained departure from agency policy. Upon the facts and circumstances adduced in the record, it was rational for the DHCR to conclude that there was no equitable basis

for granting an MCI rent increase, and this determination should not be disturbed by the court. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.