■ Rita Lebow, Appellant, v Stanley Kakalios et al., Respondents.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered on November 25, 1988, denying plaintiff's motion for leave to amend the complaint pursuant to CPLR 3025 (b), is unanimously affirmed, without costs.

Plaintiff, a New York City school teacher, commenced this action in June 1979 for libel and, as described by plaintiff, for a continuous course of conduct from late 1972 through early 1979 designed to harass her and demean her professional standing. The campaign of harassment was allegedly in retaliation for plaintiff's report of an incident in which she witnessed a superior abusing a student. Following the joinder of issue and the denial of a motion to dismiss, plaintiff took an unpaid leave of absence from her duties and did not return to full-time employment until the fall of 1984 when the campaign of harassment supposedly resumed. In September of 1988, plaintiff moved for leave to serve an amended complaint deleting the libel cause of action, adding two causes of action in contract and expanding the harassment claim to encompass tortious conduct subsequent to the service of her original complaint.

Amendment of a complaint will not be permitted if there is prejudice to the opposing party, prejudice occurring where the original pleading does not contain what is sought to be added to the amended one *(see,* CPLR 3025). In the instant case, plaintiff alleges additional facts and occurrences, not a new theory of recovery based on facts already pleaded, and thus, these facts comprise new causes of action. Consequently, the proposed amendment was properly disallowed. If the amendment was authorized, plaintiff would be permitted to prove allegedly tortious conduct taking place after the date of the commencement of the action. However, if she was required to bring a new action to plead the subsequent tortious conduct, she would be able to allege only those acts which had occurred within one year prior to the commencement of the new action *(Schulman v Krumholz,* 81 AD2d 883, 884). Moreover, to the extent that plaintiff asserts any contractual claims, they arise pursuant to the collectively bargained "Guidance Counselor's

Contract". By failing to set forth the applicable provisions of that contract, she has failed to state a cause of action *(Shields v School of Law,* 77 AD2d 867, 868; *Lupinski v Village of Ilion,* 59 AD2d 1050). It also appears that plaintiff has not exhausted her remedies pursuant to the collective bargaining agreement prior to seeking judicial relief *(Matter of Whitley v Board of Educ.,* 65 AD2d 821). Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.