■ Robin Grovesteen, Appellant, v New York State Public Employees Federation, AFL-CIO, Respondent. [697 NYS2d 392] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 11, 1999 in St. Lawrence County, which granted defendant's motion to dismiss the complaint.

During the course of plaintiff's employment, she was subject to a collective bargaining agreement (hereinafter the Agreement) between defendant and the United Steel Workers of America, Local 9625 (hereinafter the Union) of which she was a member. The Agreement contained, *inter alia*, a grievance and arbitration procedure for the resolution of disputes concerning the interpretation, application, administration or violation of the terms and provisions thereof. Its stated purpose was to "provide an orderly process whereby the employees may equitably and expeditiously settle any dispute that may arise in the course of their employment free from coercion, restraint, interference, discrimination or reprisal", all to be liberally construed in furtherance of this objective.

The grievance procedure consisted of a three-step process. First, a written complaint was presented to a supervisor for informal resolution. If dissatisfied, the grievant, now represented by the Union, was to proceed to step 2 whereby an appeal was filed with the president or a designee who was required to meet with the grievant and the Union representative and provide a written response thereafter. If still dissatisfied, the process was to proceed to step 3 which allowed the Union to pursue final and binding arbitration.

Without filing any grievance, plaintiff commenced this action

alleging violations of the Human Rights Law (Executive Law § 290 *et seq.*) arising from incidents occurring during her employment including claims of sexual harassment, sexual discrimination, disability discrimination and retaliation.[1] Contending that plaintiff's discrimination allegations were required to be submitted to the grievance and arbitration process detailed in the Agreement, defendant successfully moved to dismiss the complaint, prompting this appeal.

While we recognize that State policy encourages the resolution of disputes through the negotiated terms and conditions of a collective bargaining agreement (*see, Matter of Cady v Clark,* 176 AD2d 1055, 1056) and that in cases governed by the Federal Arbitration Act (9 USC § 1 *et seq.*)[2] public policy will not preclude an anticipatory agreement to arbitrate disputes arising under the Human Rights Law (*see, Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, 634-635, *cert denied* 510 US 993; *see also, Matter of Ball [SFX Broadcasting],* 236 AD2d 158, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 803), "a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' * * * The agreement must be clear, explicit and unequivocal * * * and must not depend upon implication or subtlety" (*Matter of Waldron [Goddess],* 61 NY2d 181, 183-184, quoting *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 6 [citations omitted]; *see, Wright v Universal Mar. Serv. Corp.,* 525 US 70; *see also, Alexander v Gardner-Denver Co.,* 415 US 36). Accordingly, the resolution of the instant dispute is dependent upon the language employed in the Agreement.

Defendant's reliance upon the stated purpose of the grievance procedure to settle *any* dispute that may arise in the course of employment, coupled with the language of that section entitled "Affirmative Action" mandating its compliance "with the law with respect to the personal and organizational rights of its employees" and precluding discrimination "against an employee due to race, color, gender, age, religion, disability, handicap, national origin, marital status or sexual preference", fails, in our view, to unequivocally establish that the Union

---

1. In February 1998, plaintiff filed a complaint with the United States District Court for the Northern District of New York alleging violations of title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) and the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*) and the Human Rights Law. That action was dismissed in its entirety.

2. It is undisputed that the instant Agreement is not subject to the Federal Arbitration Act.

agreed to waive its members' right to resolution of these statutory claims in a judicial forum.

This Agreement reveals several areas in which negotiated language clearly and unequivocally indicates the intention to remove a dispute from the arbitration process. Disputes pertaining to administrative staff training, defendant's determination that an employee will or will not meet minimum qualifications for the purpose of fulfilling certain vacancies, and grievances alleging the existence of safety violations all clearly specify that their resolution is not required to be pursued through step 3 of the grievance process. Notably, article 1 of the Agreement, entitled "Recognition", specifically acknowledges "that the working environment should be characterized by mutual respect for the dignity of every employee [and that n]othing contained in this paragraph shall be subject to Step 3 of the grievance procedure". In our view, the foregoing language affirmatively encompasses plaintiff's allegations of sexual discrimination and harassment and affirms that such claims will not be subject to arbitration. This conclusion is buttressed by defendant's sexual harassment policy, incorporated in the record for our review, which states as follows: "[Defendant] recognizes that a productive working environment is one that is free of sexual harassment. [Defendant] is committed to maintaining a work environment that is free of all forms of sexual harassment. Sexual harassment includes unwelcome sexual advances, requests for sexual favors, and any other verbal or physical conduct of a sexual nature". After acknowledging the existence of the Agreement, the sexual harassment policy details the requisite procedure to follow when an employee believes that he or she has been subject to sexual harassment. Such procedure essentially mirrors those outlined through step 2 of the grievance procedure.

As our determination " 'must not depend upon implication or subtlety' " (*Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28, 32, quoting *Matter of Waldron [Goddess]*, *supra*, at 184), we do not find that the broad antidiscrimination clause contained in the parties' Agreement, negotiated through the Union to resolve "any and all disputes", constitutes what must be found to be a "clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, *supra*, at 183-184) agreement to have waived the members' right to resort to a judicial forum to resolve statutory claims of discrimination.

We hereby reverse the order of Supreme Court and deny defendant's motion to dismiss the complaint.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.

