■ In the Matter of SALVATORE CAFIERO, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [725 NYS2d 563] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the City School District of the City of New York, dated February 5, 1999, which placed the petitioner on inactive status based on a medical determination that he was unfit to teach, the petitioner appeals from a judgment of the Supreme Court, Kings County (R. E. Rivera, J.), entered March 8, 2000, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

This proceeding was improperly brought before the petitioner exhausted his administrative remedies (*see, Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952; *Matter of Gamma v Bloom,* 274 AD2d 14). Article 21 (H) (4) of the parties' collective bargaining agreement provides that the petitioner could have challenged the medical evaluation of the respondent Board of Education of the City School District of the City of New York, on the basis of which he was put on inactive status, by submitting to an independent assessment by an impartial medical arbitrator. The petitioner failed to do so, and therefore he may not bring this proceeding (*see, Levine v Board of Educ.,* 186 AD2d 743). Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.