■ In the Matter of LARRY BROWN et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [733 NYS2d 107] —In an action, *inter alia*, for injunctive relief, which was converted into a proceeding pursuant to CPLR article 78 to review a determination of the Office of Labor Relations of the County of Nassau dated June 22, 1998, which rejected the petitioners' grievance related to performance of out-of-title work, and for related relief, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered June 8, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners Larry Brown and his union initiated a grievance procedure relating to Brown's assertion that, although his position is that of "Housekeeper II," he has improperly been assigned to perform the job functions of the position defined as "Housekeeper III." Section 23-1 of the governing collective bargaining agreement provides for a five-step grievance procedure. On June 22, 1998, the grievance was denied, after a

hearing, by the Office of Labor Relations of the County of Nassau, at step three. There is no evidence that the petitioners ever proceeded to a step four "advisory appeal" as outlined in section 23-1.4 of the agreement.

By letter dated January 21, 1999, the union made an untimely request that the County "schedule * * * an arbitration date," in light of the County's apparent unwillingness to stipulate to settle the dispute in accordance with the recommendation of a mediator. However, there is no proof that the County, the party who prevailed at step three, as opposed to the petitioners, who were aggrieved by the determination at step three, was responsible for initiating the procedure at step four, or for the scheduling of the arbitration procedures which occur at that level. No arbitration at step four was ever held. The present action, later converted into a proceeding, was commenced in March 2000.

As noted above, there is no evidence that the petitioners ever timely "proceed[ed] to an advisory appeal" to either of the two alternative arbitral forums described in section 23-1.4 of the parties' agreement. We also note that the petitioners never sought to compel arbitration, and that no such relief is requested in this proceeding. Under these and all the circumstances presented, we agree with the Supreme Court that, in light of their failure to complete the five-step grievance procedure, the petitioners have no right to sue the employer directly (*see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *Matter of Serringer v Board of Trustees,* 265 AD2d 561). The petitioners' arguments, including their argument that they should not have been required to complete all five steps of the grievance procedure, because proceeding through all such steps would have been futile, are without merit. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.