■ In the Matter of Todd Postol, Appellant, v St. Joseph's College, Respondent. [777 NYS2d 699]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated March 28, 2002, which denied the petitioner's application for a tenure-track faculty position, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), entered June 10, 2003, which denied the petition for failure to exhaust administrative remedies and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court correctly determined that he was required to file a grievance with the respondent, St. Joseph's College (hereinafter SJC), prior to commencing this proceeding (see Gertler v Goodgold, 107 AD2d 481, 489 [1985], affd 66 NY2d 946 [1985]; Matter of Brown v County of Nassau, 288 AD2d 216 [2001]; Matter of Whitley v Board of Educ. of City of N.Y., 65 AD2d 821 [1978]; Matter of Womer v Trustees of Univ. of State of N.Y., 47 AD2d 572, 573 [1975]). The petitioner, who was a full-time faculty member of SJC at the time he applied for the subject tenure-track position, was contractually bound by the faculty handbook as specified in his employment contract. The grievance procedure set forth in the faculty handbook stated, inter alia, that "[g]rievances relating to appointment, reappointment, tenure or promotion . . . are not subject to appeal or review unless there is an allegation of arbitrary or discriminatory use of procedure." Further, a "grievance" is defined in part as "an arbitrary or discriminatory application of or a failure to act pursuant to the written policies of the College related to the terms and conditions of employment." Here, the petitioner alleged that he was unfairly denied the appointment to the tenure-track position in derogation of SJC's written policies concerning hiring criteria, and that he was unfairly subjected to in-class evaluations not imposed on non-SJC faculty member applicants. The petitioner's allegations fell within the subject matter required to be addressed under the grievance procedure. Accordingly, the Supreme Court properly denied the petition for failure to exhaust administrative remedies.

The petitioner's remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.