■ In the Matter of Michael Hammond, Appellant, v Village of Elmsford et al., Respondents. [779 NYS2d 95]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Trustees of the Village of Elmsford dated November 5, 2002, which, without a hearing, terminated the petitioner's employment with the respondent Village of Elmsford, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester

County (DiBlasi, J.), entered June 17, 2003, which granted the respondents' motion pursuant to CPLR 7804 (f) to dismiss the proceeding for failure to exhaust administrative remedies and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

This proceeding was improperly brought before the petitioner exhausted his administrative remedies (*see Matter of Plummer v Klepak*, 48 NY2d 486 [1979], *cert denied* 445 US 952 [1980]; *Matter of Cafiero v Board of Educ. of City School Dist. of City of N.Y.*, 284 AD2d 330 [2001]). Article 13 of the parties' collective bargaining agreement provided a four-step grievance process that the petitioner should have utilized to challenge the decision by the respondent Trustees of the Village of Elmsford to terminate his employment without first holding a hearing. The petitioner failed to do so, and therefore, could not bring this proceeding (*see Matter of Brown v County of Nassau*, 288 AD2d 216 [2001]). The petitioner's contentions that he should not have been required to comply with the grievance procedure because it was vague, and that the termination of his employment was unconstitutional, are without merit.

The petitioner's remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.