■ JEFFREY L. KINZLER, Respondent, v PETER KENNY et al., Appellants. [778 NYS2d 906]—In an action, improperly commenced as a proceeding, pursuant to Judiciary Law § 475 to determine an attorney's lien, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered March 18, 2004, as after converting the proceeding to an action, sua sponte treated the petition as a motion for summary judgment and awarded summary judgment to the plaintiff.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provisions thereof which treated the notice of petition as a notice of motion for summary judgment and awarded summary judgment to the plaintiff are vacated.

While the Supreme Court correctly converted the proceeding to a plenary action (see CPLR 103 [c]; Matter of Phalen v Theatrical Protective Union, 22 NY2d 34 [1968], cert denied 393 US 1000 [1968]), the court exceeded its authority by sua sponte converting the petition into a motion for summary judgment and awarding summary judgment to the plaintiff (see Taskiran v Murphy, 8 AD3d 361 [2004]; Matter of Ferraro v Gordon, 1 AD3d 595 [2003]; Katz v Waitkins, 306 AD2d 442 [2003]; Skyline Enters. of N.Y. Corp. v Amuram Realty Co., 288 AD2d 292 [2001]).

In light of our determination, we need not reach the defendants' remaining contentions. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.