■ DAVID B. JACOBS, Appellant, v MICHAEL H. MOSTOW et al., Respondents. [806 NYS2d 213]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated December 11, 2003, which, upon an order of the same court dated August 20, 2003, denying his motion, inter alia, to compel further discovery and, sua sponte, quashing certain nonparty subpoenas, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, so much of the order dated August 20, 2003, as denied that branch of the motion which was to compel further discovery is vacated, the third decretal paragraph of the order dated August 20, 2003, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the motion which was to compel further discovery.

The Supreme Court erred in dismissing the complaint without notice to the parties and in the absence of an application by the

defendants for such relief (see *Grimes v Kaplin*, 305 AD2d 1024 [2003]; *Gibbs v Kinsey*, 120 AD2d 701 [1986]). The plaintiff was improperly deprived of the opportunity to submit any additional proof he might have in opposition to the dismissal of his complaint on the merits (see *Hoeffner v John F. Frank, Inc.*, 302 AD2d 428, 430 [2003]; *Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 346 [1993]).

Contrary to the plaintiff's contention, the Supreme Court properly quashed the subpoenas duces tecum directed to Dr. Herschel Williams and attorney Lawrence Tenenbaum (see CPLR 3103). Under the circumstances of this case, we remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's motion which was to compel further discovery.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Crane, Goldstein and Skelos, JJ., concur.