SECOND DEPARTMENT, JUNE, 2007

(June 5, 2007)

■ THOMAS J. ABINANTI, Appellant, v GLORIA PASCALE, Respondent. [837 NYS2d 740]—

In an action to recover legal fees, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 29, 2006, which denied his motion, inter alia, for a preliminary injunction and, sua sponte, in effect, directed dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed dismissal of the complaint, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, directing dismissal of the complaint; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff is an attorney who commenced this action to recover legal fees for services rendered to the defendant. When the plaintiff commenced the action, he also moved, inter alia, for a preliminary injunction. The plaintiff sought to restrain and enjoin the defendant "from transferring any property" until the outstanding legal fees were paid. The defendant opposed the motion on the basis that the lawsuit was premature. Specifically, the defendant argued that although the plaintiff served her with the required notice informing her of the option to settle the fee dispute by arbitration (see 22 NYCRR 137.6), the 30-day-period within which the defendant had the right to elect arbitration had yet to expire when the plaintiff commenced his plenary action. The Supreme Court agreed with the defendant stating, in part, that "[since] defendant has indicated her intent to avail herself of arbitration . . . the complaint must be dismissed." The court also denied the plaintiff's motion, inter alia, for a preliminary injunction.

The Supreme Court properly denied the plaintiff's motion, inter alia, for a preliminary injunction. A preliminary injunction will not be granted unless the movant first establishes: (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860 [1990]; *Hightower v Reid*, 5 AD3d 440 [2004]; *Evans-Freke v Showcase Contr. Corp.*, 3 AD3d 549 [2004]). Moreover, "[p]reliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant' " (*Peterson v Corbin*, 275 AD2d 35, 37 [2000], quoting *Nalitt v City of New York*, 138 AD2d 580, 581 [1988]). Here, the plaintiff did not sustain this burden (*see Hoeffner v John F. Frank, Inc.*, 302 AD2d 428 [2003]). To the extent that the plaintiff claimed that he was entitled to an order of attachment under CPLR 6201, this redress was also properly denied (*see Mineola Ford Sales v Rapp*, 242 AD2d 371 [1997]; *Noto v Holle*, 160 AD2d 918 [1990]).

However, inasmuch as there was neither notice to the parties by the court nor an application by the defendant seeking dismissal, it was error for the court to, in effect, direct dismissal of the complaint on a sua sponte basis (*see Jacobs v Mostow*, 23 AD3d 623 [2005]; *Kinzler v Kenny*, 8 AD3d 627 [2004]; *Taskiran v Murphy*, 8 AD3d 360 [2004]; *Grimes v Kaplin*, 305 AD2d 1024 [2003]; *Gibbs v Kinsey*, 120 AD2d 701 [1986]). In light of this determination, we need not reach the plaintiff's remaining contention. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.