(January 20, 2009)

■ JOSEPH AMBROSINO, Appellant, v VILLAGE OF BRONXVILLE et al., Respondents. [873 NYS2d 312]—

In an action to recover damages for discrimination in employment on the basis of disability in violation of Executive Law § 296 and breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 24, 2008, as granted that branch of the defendants' motion which was to dismiss the second cause of action alleging breach of contract on the ground that the plaintiff failed to exhaust his administrative remedies in accordance with a collective bargaining agreement and, sua sponte, dismissed the first cause of action alleging employment discrimination on the same ground.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as, sua sponte, dismissed the first cause of action, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, sua sponte, dismissing the first cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On May 14, 2007 the plaintiff's employment with the Village of Bronxville (hereinafter the Village) Department of Public Works (hereinafter the DPW) was terminated. Pursuant to article XVI of the collective bargaining agreement (hereinafter the CBA) that was in effect between the Village and the International Brotherhood of Teamsters Local 456 (hereinafter the Union), the Union, on behalf of the plaintiff, filed a grievance. Rocco V. Circosta, the DPW Superintendent, denied the grievance in the first step of the grievance procedure. The Village Administrator denied the grievance in the second step of the grievance procedure. While the third and final step provided for nonbinding or advisory arbitration in the event the griev-

ance was not earlier resolved, the plaintiff did not comply with the third step. Instead, he commenced the instant action against the Village and Circosta (hereinafter together the defendants), setting forth a cause of action alleging employment discrimination based upon disability and a cause of action alleging breach of contract.

The defendants moved to dismiss the first cause of action alleging employment discrimination on the ground that the plaintiff failed to submit to an oral examination pursuant to General Municipal Law § 50-h, and the second cause of action alleging breach of contract on the ground that the plaintiff failed to exhaust his administrative remedies in accordance with the CBA. The Supreme Court denied that branch of the defendant's motion which was to dismiss the first cause of action for employment discrimination. The Supreme Court granted that branch of the defendants' motion which sought dismissal of the second cause of action on the basis of the plaintiff's failure to exhaust his administrative remedies, and, sua sponte, dismissed the first cause of action on that ground. We modify.

"As a general proposition, when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to that agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ., Commack Union Free School Dist. v Ambach,* 70 NY2d 501, 508 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.,* 485 US 1034 [1988]; *see Matter of Brown v County of Nassau,* 288 AD2d 216, 217 [2001]; *Matter of Serringer v Board of Trustees of Vil. of Tuxedo Park,* 265 AD2d 561 [1999]). This rule equally applies to employees who challenge the termination of their employment based upon the employer's alleged breach of a collective bargaining agreement (*see generally Matter of Amorosano-LePore v Grant,* 56 AD3d 663 [2008]; *Matter of Hammond v Village of Elmsford,* 8 AD3d 484, 485 [2004]). Here, the CBA created a grievance procedure for the resolution of disputes concerning the interpretation or application of a specific term. Since the plaintiff, in the second cause of action, challenges his termination by alleging that it was without "just cause," and thus in violation of the CBA, such dispute was covered by the CBA, and he should have completed the three-step grievance procedure set forth therein. Since he complied with the first two steps but failed to take the final step, which involved submission of the grievance to arbitration, he failed to exhaust his administrative remedies, and the second cause of action was

properly dismissed on this basis (*see Matter of Murray v Downey,* 48 AD3d 817, 817-818 [2008]).

The Supreme Court erred, however, in, sua sponte, dismissing the first cause of action alleging employment discrimination on the basis of the plaintiff's failure to exhaust his administrative remedies. As a threshold matter, the defendants never set forth this ground in their affirmation in support of that branch of their motion which was to dismiss the first cause of action, and the plaintiff was deprived of an opportunity to submit any additional proof he might have had in opposition. As such, the Supreme Court erred in, sua sponte, dismissing the first cause of action (*see During v City of New Rochelle, N.Y.,* 55 AD3d 533 [2008]; *Abinanti v Pascale,* 41 AD3d 395, 396 [2007]; *Jacobs v Mostow,* 23 AD3d 623, 624 [2005]). Moreover, the first cause of action alleged employment discrimination based on disability pursuant to the Human Rights Law (*see* Executive Law § 292 [2]; § 296 [1] [a]). Even though a collective bargaining agreement may be in effect, an employee does not forfeit his or her right to a judicial forum for a claimed discriminatory discharge (*see Wright v Universal Maritime Service Corp.,* 525 US 70, 75-76 [1998]; *Grovesteen v New York State Pub. Empls. Fedn., AFL-CIO,* 265 AD2d 784 [1999]). In order for a collective bargaining agreement to effect a waiver by an employee of his or her rights to a judicial forum, the waiver must be "clear and unmistakable" (*Wright v Universal Marine Service Corp.,* 525 US at 82). Here, the CBA did not contain any provisions regarding the resolution of disputes involving employment discrimination, let alone any clear and unmistakable language waiving an employee's right to a judicial forum for such claims. Therefore, the Supreme Court erred in, sua sponte, dismissing the first cause of action on the ground that the plaintiff failed to exhaust his administrative remedies.

The remaining contentions either are without merit or have been rendered academic by our determination. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.