■ MINGRINO INDUSTRIES 2000, INC., et al., Appellants, v SAM PUSTILNIKOV et al., Respondents. [880 NYS2d 506]—

In an action, inter alia, to recover damages for conversion and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated December 19, 2007, as, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal from so much of the order as, sua sponte, directed the

dismissal of the complaint, is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

In the absence of notice to the parties and an application by the defendants for such relief, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint (*see Ambrosino v Village of Bronxville,* 58 AD3d 649 [2009]; *During v City of New Rochelle, N.Y.,* 55 AD3d 533, 534 [2008]; *Abinanti v Pascale,* 41 AD3d 395, 396 [2007]). In effect, the Supreme Court deprived the parties of the opportunity to submit their proof (*see Jacobs v Mostow,* 23 AD3d 623, 624 [2005]; *Sena v Nationwide Mut. Fire Ins. Co.,* 198 AD2d 345, 346 [1993]).

The defendants' contention regarding the statute of limitations is not properly before this Court (*see DeLeonardis v Brown,* 15 AD3d 525, 526 [2005]). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.