■ In the Matter of ALTOUR SERVICE, INC., Petitioner, v INDUSTRIAL BOARD OF APPEALS et al., Respondents. [8 NYS3d 131]—

Determination of respondent Industrial Board of Appeals (IBA), dated September 10, 2012, after a hearing, denying the petition to review and affirming, as amended, respondent Commissioner of the Department of Labor's order to comply, dated August 22, 2005, which directed petitioner to pay unpaid wages and interest, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paul Wooten, J.], entered Jan. 8, 2014), dismissed, with costs.

Substantial evidence supports the determination that petitioner employer violated Labor Law § 196-d by retaining the mandatory 20% fee it charged its customers (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). There is evidence that petitioner characterized the 20% charge as a gratuity and directed its employee drivers to tell customers that the fee was a gratuity. Accordingly, the charge "purported to be a gratuity" within the meaning of section 196-d. Further, under the law in effect at the time of IBA's determination (*see Matter of Sadore Lane Mgt. Corp. v State Div. of Hous. & Community Renewal*, 151 AD2d 681, 682 [2d Dept 1989], *lv denied* 75 NY2d 703 [1990]), mandatory charges constituted gratuities within the meaning of the statute where, as here, it was shown that the employer represented or allowed its customers to believe that the charges were gratuities for its employees (*see Ramirez v Mansions Catering, Inc.*, 74 AD3d 490 [2010]; *see also Samiento v World Yacht Inc.*, 10 NY3d 70 [2008]).

The employee drivers did not waive their rights to the mandatory charges, since the purported waivers were not negotiated and there is no indication that the employees were aware of the statutory right being waived (*see Matter of American Broadcasting Cos. v Roberts*, 61 NY2d 244, 249-250 [1984]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.