■ JESUS IBARRA et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v 101 PARK RESTAURANT CORP. et al., Appellants. [34 NYS3d 93]—

In a putative class action to recover damages for violations of Labor Law § 196-d, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated August 4, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was asserted by the plaintiffs who are union members subject to the mandatory arbitration provisions of a certain collective bargaining agreement, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

Club 101 is a membership-based club and venue space owned by the defendant 101 Park Restaurant Corp. (hereinafter 101 Park). The defendant Restaurant Marketing Associates, Inc. (hereinafter RMA), provides catering services to 101 Park. The plaintiffs are former and current union and nonunion employees of RMA who worked at events held at Club 101. In November 2012, the plaintiffs commenced this putative class action to recover damages for violations of Labor Law § 196-d. The plaintiffs alleged that the defendants charged their customers service charges which purported to be gratuities for their employees, but withheld those gratuities from the plaintiffs. The defendants moved for summary judgment dismissing the complaint on various grounds. The Supreme Court denied the motion, and the defendants appeal.

Article VI of the collective bargaining agreement (hereinafter the CBA) between the Hotel, Restaurant & Club Employees & Bartenders Union Local 6 (hereinafter Local 6) and RMA, dated November 28, 1990, as extended through June 30, 2012, provided a procedure for resolving grievances, complaints, or disputes between the defendants and the members of Local 6. The procedures included timeframes for the filing of a written grievance, and if not then resolvable, the submission of the grievance to arbitration and, at the option of the parties, further pre-arbitration negotiation. The terms of the CBA were broadly worded, defining grievances as "all complaints, disputes or grievances" involving, inter alia, the interpretation or application of the agreement or "any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties." In the event a

party failed to "strictly adhere" to the defined timeframes for pursuing grievances, "the grievance shall be considered settled in favor of the other party."

There is a longstanding public policy favoring the arbitration of disputes (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]), particularly with respect to broad arbitration clauses set forth in collective bargaining agreements (*see Matter of Local Union 1567, Intl. Bhd. of Elec. Workers, AFL-CIO v Orange & Rockland Util.*, 104 AD2d 413, 414 [1984]). Generally, "arbitration must be preferred 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute' " (*Thomas James Assoc., Inc. v Jameson*, 102 F3d 60, 65 [2d Cir 1996], quoting *David L. Threlkeld & Co., Inc. v Metallgesellschaft Ltd. [London]*, 923 F2d 245, 250 [2d Cir 1991]; *see Matter of Town of Ramapo v Ramapo Police Benevolent Assn.*, 17 AD3d 476, 477 [2005]).

Here, the defendants' alleged withholding of gratuities from employees who are members of Local 6 constitutes a dispute which falls squarely within the broad language of the CBA, which states that it is applicable to "any acts, conduct or relations between the parties," without expressed or implied limitation or exemption (*see 14 Penn Plaza LLC v Pyett*, 556 US 247, 257-258 [2009]). Cases suggesting a contrary result are distinguishable by the language used in the collective bargaining agreements at issue in those cases (*see e.g. Wright v Universal Maritime Service Corp.*, 525 US 70 [1998] [a general arbitration clause applies only to matters in dispute under the contract and does not involve the meaning of a federal statute]; *Gilmer v Interstate/Johnson Lane Corp.*, 500 US 20 [1991] [where Congress, in enacting a statute, did not intend to preclude arbitration of claims under that statute, then a statutory claim may be the subject of compulsory arbitration]; *Tamburino v Madison Sq. Garden, LP*, 115 AD3d 217, 223 [2014] [arbitration clause applied to contracted issues and did not expressly apply to "all" disputes]; *Ambrosino v Village of Bronxville*, 58 AD3d 649 [2009] [arbitration provision did not contain any language regarding the resolution of employment discrimination disputes]; *Grovesteen v New York State Pub. Empls. Fedn., AFL-CIO*, 265 AD2d 784 [1999] [language of agreement indicated the parties' intent to remove certain types of disputes from arbitration]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was asserted by the plaintiffs who are union members subject to the mandatory arbitration provisions of the CBA.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the nonunion plaintiffs for failure to comply with CPLR 902 (*see* CPLR 2004; *Argento v Wal-Mart Stores, Inc.*, 66 AD3d 930, 932-933 [2009]; *Galdamez v Biordi Constr. Corp.*, 50 AD3d 357, 358 [2008]; *ADCO Elec. Corp. v McMahon*, 38 AD3d 805, 806-807 [2007]; *West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250 [2001]; cf. *Hernandez v Gateway Demolition Corp.*, 263 AD2d 467, 467 [1999]). Furthermore, contrary to the defendants' contention, the nonunion plaintiffs' class action claims are not barred by CPLR 901 (b), which prohibits bringing any claim for penalties as a class action. The plaintiffs have waived any claim to liquidated damages, and the gratuities that were allegedly withheld from the plaintiffs constitute "actual, compensatory damages," not penalties (*Borden v 400 E. 55th St. Assoc., L.P.*, 24 NY3d 382, 390 [2014]; *see Matter of Altour Serv., Inc. v Industrial Bd. of Appeals*, 127 AD3d 609, 609 [2015]; *Tamburino v Madison Sq. Garden, LP*, 115 AD3d at 220-221).

Finally, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the nonunion plaintiffs on the ground that the service charges added to their customers' bills did not constitute charges purported to be gratuities for employees as a matter of law. Pursuant to Labor Law § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." "[T]he statutory language of Labor Law § 196-d can include mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees" (*Samiento v World Yacht Inc.*, 10 NY3d 70, 81 [2008]; *see Matter of Altour Serv., Inc. v Industrial Bd. of Appeals*, 127 AD3d 609 [2015]). " '[T]he standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer' and the 'reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity' " (*Martin v Restaurant Assoc. Events Corp.*, 106 AD3d 785, 786 [2013], quoting *Samiento v World Yacht Inc.*, 10 NY3d at 79; *see Reilly v Richmond County Country Club*, 77 AD3d 718, 719 [2010]). Here, the defendants failed to make a prima facie showing that the service charges added to their customers' bills did not

constitute charges purported to be gratuities for employees as a matter of law.

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.