Moran v BAC Field Servs. Corp. (2018 NY Slip Op 05586)





Moran v BAC Field Servs. Corp.


2018 NY Slip Op 05586


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05541
 (Index No. 5887/15)

[*1]James Moran, appellant, 
v
BAC Field Services Corporation, respondent, Omega Land Management, Inc., et al., defendants.


James Moran, Bethpage, NY, appellant pro se.
Winston & Strawn LLP, New York, NY (Heather E. Saydah and Jason R. Lipkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for trespass and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated April 12, 2016. The order granted the motion of the defendant BAC Field Services Corporation to dismiss the complaint insofar as asserted against it, denied the plaintiff's cross motion for leave to enter a default judgment against that defendant, denied the plaintiff's separate motion for leave to enter a default judgment against the defendant Omega Land Management, Inc., and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Omega Land Management, Inc., and Patrick Boehm.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Omega Land Management, Inc., and Patrick Boehm is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant BAC Field Services Corporation to dismiss the complaint insofar as asserted against it, and substituting therefor a provision denying that defendant's motion, and (2) by deleting the provision thereof denying the plaintiff's motion for leave to enter a default judgment against the defendant Omega Land Management, Inc., and substituting therefor a provision granting that motion, and (3) by deleting the provision thereof sua sponte directing the dismissal of the complaint insofar as asserted against Omega Land Management, Inc., and Patrick Boehm; as so modified, the order is affirmed; and it is further,
ORDERED that the plaintiff is awarded one bill of costs, payable by the defendant BAC Field Services Corporation.
By summons with notice, the plaintiff commenced this action to recover damages for trespass and conversion. The defendants BAC Field Services Corporation (hereinafter BAC) and Patrick Boehm served the plaintiff with timely notices of appearance and demands for a complaint. [*2]After the plaintiff served the complaint, he and BAC entered into agreement giving BAC until March 4, 2016, to respond to the complaint.
On Friday, March 4, 2016, BAC deposited a motion to dismiss the complaint insofar as asserted against it into the custody of Federal Express for weekday delivery to the plaintiff. On Monday, March 7, 2009, Federal Express returned the motion papers to BAC because no one was available to sign for the package at the delivery address. On March 9, 2016, BAC re-served its motion papers on the plaintiff.
On April 4, 2016, the plaintiff mailed a cross motion for leave to enter a default judgment against BAC, arguing that BAC was in default for failing to timely respond to the complaint. The motion and cross motion were returnable on April 11, 2016. The plaintiff also separately moved for leave to enter a default judgment against the defendant Omega Land Management, Inc. (hereinafter Omega), for its failure to timely appear in the action. By order dated April 12, 2016, the Supreme Court denied the plaintiff's motion and cross motion, granted BAC's motion to dismiss the complaint insofar as asserted against it, and, sua sponte, directed the dismissal of the complaint insofar as asserted against Omega and Boehm.
Contrary to the Supreme Court's determination, CPLR 2103(b)(2) does not apply to render BAC's motion timely since BAC did not attempt service of its motion by using "the post office or official depository under the exclusive care and custody of the United States Postal Service within the state" (CPLR 2103[f][1]). Rather, BAC utilized Federal Express. CPLR 2103(b)(6) provides that "[s]ervice by overnight delivery service shall be complete upon deposit of the paper . . . into the custody of the overnight delivery service for overnight delivery" (emphasis added). The record demonstrates that BAC failed to use Federal Express's overnight delivery service, and instead deposited its papers with Federal Express on Friday for weekday delivery on Monday. Accordingly, the court should have denied BAC's motion as untimely.
We agree with the Supreme Court's denial, as untimely, of the plaintiff's cross motion for leave to enter a default judgment against BAC, since the plaintiff failed to serve his cross motion within the time period required by CPLR 2215(b).
However, the Supreme Court should not have, sua sponte, directed the dismissal of the complaint insofar as asserted against Omega, and should have granted the plaintiff's separate motion for leave to enter a default judgment against Omega. " On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing'" (Dupps v Betancourt, 99 AD3d 855, quoting Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651; see CPLR 3215[f]). Here, in support of his motion, the plaintiff met all of these requirements as to Omega. Further, Omega never appeared in the action and failed to move to vacate its default (see BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790).
The Supreme Court also should not have, sua sponte, directed the dismissal of the complaint insofar as asserted against Boehm. There was no motion before the court seeking such relief, and the plaintiff was not on notice that such relief could be granted by the court (see Abinanti v Pascale, 41 AD3d 395).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court