Button v Metropolitan Club, Inc. (2020 NY Slip Op 06045)





Button v Metropolitan Club, Inc.


2020 NY Slip Op 06045


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 650008/16 656625/17 Appeal No. 12188-12188A Case No. 2019-1701 

[*1]Stuart Button et al., Plaintiffs-Appellants-Respondents,
v
The Metropolitan Club, Inc., Defendant-Respondent-Appellant. 


Lyman & Ash, New York (Michael S. Fettner of counsel), for appellants-respondents.
Clifton Budd & DeMaria, LLP, New York (Arthur J. Robb of counsel), for respondent-appellant.



Orders, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 13, 2018, as amended on or about June 7, 2019, which, inter alia, granted defendant's cross motions for partial summary judgment dismissing plaintiffs' claims that defendant violated Labor Law § 196-d and 12 NYCRR 146-2.18 and 146-2.19 arising from defendant's practice of adding a 22 % administrative surcharge to the food and beverage portion of banquet events at its premises, denied plaintiffs' cross motions for partial summary judgment on the administrative surcharge claims, granted plaintiffs' motion to certify the class relating to their claims for voluntary tips, and denied plaintiffs' motion to compel certain discovery, unanimously modified, on the law, to deny defendant's cross motion for partial summary judgment, and otherwise affirmed, without costs.
Defendant failed to meet its burden of showing that the standard terms and conditions which it appended to its agreements with its banquet customers, and which language specified that the administrative surcharge was not a gratuity (see Ahmed v Morgan's Hotel Group Mgt., LLC, 160 AD3d 555, 555-556 [1st Dept 2018], lv denied 32 NY3d 901 [2018]), was in the 12-point font called for in the regulations (see 12 NYCRR 146-2.19[c]). Defendant's failure to comply with the font-size directive precludes it from taking advantage of the regulatory safe harbor provision. This is not to say that, under all the facts and circumstances of this case, a reasonable customer might not have taken notice of the contractual surcharge language, no matter what its font size. We find only that, having failed to comply with the regulatory directive on font size, defendant failed to establish its entitlement to judgment as a matter of law.
The motion court providently exercised its discretion in granting plaintiffs' motion to certify the class (see Small v Lorillard Tobacco Co., 94 NY2d 43, 52 [1999]; Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 703 [2d Dept 2016]). Plaintiffs' claim for a share of the voluntary tips presents a threshold issue of whether these sums were gratuities which should have been shared with plaintiffs. While plaintiffs' damages will require some individualized analysis, this alone does not warrant denial of certification given the presence of other factors supporting certification (see CPLR 901[a], 902; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]).
Furthermore, there exists no basis to disturb the court's discovery determinations.
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020