■ SHYRON BYNOG et al., Appellants, v CIPRIANI GROUP, INC., et al., Respondents, et al., Defendants. (And Another Action.) [748 NYS2d 9] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 18, 2002, which, insofar as appealed from, granted defendants-respondents' banquet hall operators' motion for summary judgment dismissing plaintiffs temporary waiters' causes of action for misappropriation of tips in violation of Labor Law § 196-d and late payment of wages in violation of Labor Law § 191, unanimously modified, on the law, to reinstate the cause of action under Labor Law § 191 and the associated claim for costs and fees under Labor Law § 198, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 18, 2002, which, in a second action by the same plaintiffs against the same defendants for misappropriation of tips in violation of Labor Law § 196-d, insofar as appealed from, granted respondents' motion for summary judgment dismissing the complaint as against them, and denied as moot plaintiffs' motion to certify a class, unanimously affirmed, without costs.

Notwithstanding that plaintiffs were under contract to code-fendant temporary employment agency, the action should not have been dismissed on the ground that plaintiffs were not employees of respondents, where respondents required plaintiffs to adhere to strict guidelines on how and when to serve food and set tables, wear uniforms, including a pin identifying them as respondents' employees, and perform the same functions as respondents' own permanent, unionized waiters, to whom plaintiffs reported (*cf. Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334, 335; *see Matter of De Noyer v Cavanaugh,*

221 NY 273, 275). Nevertheless, we affirm dismissal of the cause of action alleging that respondents, in violation of Labor Law § 196-d, misappropriated tips they collected from their customers by way of a contractual 22% "service charge." Such a charge is not in the nature of a voluntary gratuity presented by the customer in recognition of the waiter's service, and therefore need not be distributed to the waiters pursuant to Labor Law § 196-d, notwithstanding that the customer might believe that the charge is meant to be so distributed. Significantly, while respondents' unionized staff waiters are paid $4.82 per hour plus 14% of the 22% service charge, plaintiffs are paid $20 or $22 per hour, and, although plaintiffs never waived entitlement to any portion of the service charge, there was a clear understanding that they were not to accept tips from customers. It is therefore evident that plaintiffs received the benefit of the service charge in the form of a much higher hourly wage. We note federal regulations issued in conjunction with the Fair Labor Standards Act of 1938 to the effect that a service charge like that involved here is not a tip (29 CFR 531.52, 531.55). However, inasmuch as plaintiffs' section 191 claim against respondents was dismissed on the ground that plaintiffs were not employees of respondents, and in view of our finding to the contrary, we modify to reinstate the section 191 claim, and the associated section 198 claim for costs and fees. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.