■ ROBERT J.A. ZITO, Appellant, v FISCHBEIN, BADILLO, WAGNER & HARDING, Respondent. [831 NYS2d 25]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 29, 2005, which, to the extent appealed from,

granted defendant's motion insofar as to dismiss plaintiff's claim to recover in quantum meruit and to direct that the parties enter into a confidentiality order prior to using or exchanging payroll documents during discovery, unanimously affirmed, without costs. Order, same court and Justice, entered November 16, 2005, which, to the extent appealed from, referred back to the Special Referee plaintiff's challenge to the Special Referee's ruling closing the deposition of Richard Fischbein, unanimously reversed, on the law, without costs, the reference vacated and the matter remanded to the motion court for that court's review and determination of plaintiff's challenge to the Referee's ruling. Appeal from order, same court and Justice, entered September 26, 2005, unanimously dismissed as untimely, without costs.

It is plain that the services rendered by plaintiff to defendant law firm fell squarely within the contractually contemplated duties of plaintiff's employment, and given that an enforceable oral contract exists, covering the matter of plaintiff's compensation, recovery for those services in quantum meruit is precluded (see Freedman v Pearlman, 271 AD2d 301, 304 [2000]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Moreover, the motion court properly exercised its discretion in requiring the parties to enter into a confidentiality order before using or exchanging payroll documents during discovery.

Plaintiff's challenge to the Special Referee's ruling closing the deposition of Richard Fischbein should have been reviewed and determined by the motion court (see CPLR 3104 [d]).

Although the appeal from the order entered September 26, 2005 was not timely taken and is not properly before us, we note that plaintiff, as a highly compensated professional, has no cognizable claim under Labor Law § 198 (see Labor Law § 190 [7]), and in any case has failed to allege a violation of Labor Law article 6, necessary to any such claim (see Gottlieb v Kenneth D. Laub & Co., 82 NY2d 457, 463 [1993]). Concur— Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.

Reargument granted to extent of clarification; decision and order of this Court entered on September 26, 2006 (32 AD3d 768 [2006]) vacated and a new decision and order substituted therefor.