■ ARNEL SAMIENTO et al., Appellants-Respondents, v WORLD YACHT INC. et al., Respondents-Appellants. [833 NYS2d 2]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered August 18, 2006, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the first three causes of action only to the extent of dismissing the second and part of the first causes, unanimously modified, on the law, the third and remainder of the first causes also dismissed, and otherwise affirmed, without costs.

Defendants provide dining for three kinds of cruises: banquets; dinner and brunch for the general public, who purchase their tickets directly from defendants or designated travel and tour operators; and special events, such as July 4th and New Year's Eve. Plaintiffs, who are present and former restaurant servers, alleged their employers' "unlawful retention of the service charges/automatic gratuities added to meal and banquet bills in place of the patrons' direct payments to the waitstaff of traditional tips."

The motion court dismissed so much of the first cause of action as alleged violation of Labor Law § 196-d, with respect to plaintiffs' remuneration for defendants' banquet cruises (*see Bynog v Cipriani Group*, 298 AD2d 164 [2002], *mod on other grounds* 1 NY3d 193 [2003]). For similar reasons, the cause of action should also have been dismissed with respect to plaintiffs' remuneration for special event cruises and public dining cruises booked through travel and tour operators. All of these patrons paid a mandatory service charge that was not in the nature of a voluntary gratuity, and thus the failure to remit any of this

charge to the waitstaff did not constitute a violation of section 196-d, notwithstanding defendants' treatment of the charge for sales or income tax purposes, and the fact that certain patrons believed the charge to be in the nature of a gratuity.

The second cause of action, alleging violation of General Business Law § 349, was properly dismissed for failure to allege requisite injury to plaintiffs themselves (*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200 [2004]), as well as injurious deception toward defendants' patrons (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56 [1999]). The third cause, alleging unjust enrichment, should also have been dismissed, since the parties had an enforceable oral agreement as to the matter of plaintiffs' compensation (*see Zito v Fischbein, Badillo, Wagner & Harding*, 35 AD3d 306 [2006]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.