[883 NE2d 990, 854 NYS2d 83]

Arnel Samiento et al., Appellants, v World Yacht Inc. et al., Respondents.

Argued January 10, 2008; decided February 14, 2008

**POINTS OF COUNSEL**

*Law Office of Steven M. Sack,* New York City (*Scott A. Lucas* of counsel), for appellants. I. The Appellate Division erred by *not* accepting the complaint's allegations as true on a pre-answer motion to dismiss. (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300; *Bynog v Cipriani Group,* 298 AD2d 164, 1 NY3d 193.) II. The Appellate Division also erred as a matter of law in concluding that Labor Law § 196-d only applies to "voluntary" gratuities.

(*Matter of Kamhi v Planning Bd. of Town of Yorktown,* 59 NY2d 385; *Weinberg v D-M Rest. Corp.,* 53 NY2d 499; *United States v 306 Cases Containing Sandford Tomato Catsup with Preservative,* 55 F Supp 725, *affd sub nom. Libby, McNeill & Libby v United States,* 148 F2d 71; *Kelly v United States,* 789 F2d 94; *Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95; *Sosa v Alvarez-Machain,* 542 US 692; *Zion v Kurtz,* 50 NY2d 92; *New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1; *Department of Housing & Urban Development v Rucker,* 535 US 125; *Naghavi v New York Life Ins. Co.,* 260 AD2d 252.) III. Plaintiffs' General Business Law § 349 claim is cognizable as a matter of law. (*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d 200; *Karlin v IVF Am.,* 93 NY2d 282; *Stutman v Chemical Bank,* 95 NY2d 24; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20; *Small v Lorillard Tobacco Co.,* 94 NY2d 43.) IV. Plaintiffs' unjust enrichment claim is properly pleaded. (*Carriafielio-Diehl & Assoc., Inc. v D&M Elec. Contr., Inc.,* 12 AD3d 478; *Joseph Sternberg, Inc. v Walber 36th St. Assoc.,* 187 AD2d 225; *Smith v Kirkpatrick,* 305 NY 66; *O'Brien v City of Syracuse,* 54 NY2d 353; *Hochman v LaRea,* 14 AD3d 653.)

*Kauff McClain & McGuire LLP,* New York City (*Dennis A. Lalli* and *J. Patrick Butler* of counsel), for respondents. I. The Appellate Division correctly dismissed the Labor Law § 196-d claim under CPLR 3211 (a) (7) because it ruled as a matter of pure statutory construction, without resolving any factual disputes and accepting all of plaintiffs' allegations as true. (*Rosner v Paley,* 65 NY2d 736.) II. The Appellate Division correctly held that the "service charges" imposed on World Yacht Inc.'s banquet patrons are not "gratuities" within the plain meaning and scope of Labor Law § 196-d. (*Weinberg v D-M Rest. Corp.,* 53 NY2d 499; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Matter of Orens v Novello,* 99 NY2d 180; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Matter of Scoglio v County of Suffolk,* 85 NY2d 709; *Bynog v Cipriani Group,* 298 AD2d 164, 1 NY3d 193; *Matter of Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464; *State of New York v GTE Valeron Corp.,* 155 AD2d 166; *Seenaraine v Securitas Sec. Servs. USA, Inc.,* 37 AD3d 700; *Restaurants & Patisseries Longchamps v Pedrick,* 52 F Supp 174.) III. The Appellate Division correctly dismissed the first cause of action as it pertains to tour and travel agency patron tickets. IV. The second cause of action was properly dismissed because the complaint completely fails to allege a violation of General Business Law

§ 349. (*Stutman v Chemical Bank*, 95 NY2d 24; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308; *U.W. Marx, Inc. v Bonded Concrete, Inc.*, 7 AD3d 856; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141; *Genesco Entertainment, Div. of Lymutt Indus., Inc. v Koch*, 593 F Supp 743; *Varela v Investors Ins. Holding Corp.*, 81 NY2d 958; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314; *Small v Lorillard Tobacco Co.*, 94 NY2d 43; *Bildstein v MasterCard Intl. Inc.*, 329 F Supp 2d 410.) V. The Appellate Division correctly dismissed the third cause of action for unjust enrichment. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382; *Beth Israel Med. Ctr. v Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F3d 573; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590; *Sperry v Crompton Corp.*, 8 NY3d 204; *Fisher v Museum of Cartoon Art*, 303 AD2d 548.) VI. World Yacht Inc.'s tax treatment of service charges is legally irrelevant to the question of whether those charges are gratuities within the meaning of Labor Law § 196-d. (*Matter of La Cascade, Inc. v State Tax Commn.*, 91 AD2d 784; *Naghavi v New York Life Ins. Co.*, 260 AD2d 252; *In re Sampson*, 997 F2d 717.)

*Andrew M. Cuomo, Attorney General*, New York City (*Barbara D. Underwood, Michelle Aronowitz, Jennifer S. Brand, Sasha Samberg-Champion, Seth Kupferberg* and *Donya Fernandez* of counsel), and *Maria Colavito* for Attorney General of the State of New York and another, amici curiae. I. The charges described in the complaint are charges "purported to be a gratuity" within the meaning of Labor Law § 196-d. (*Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104; *United States v McGuire*, 64 F2d 485; *United States v 306 Cases Containing Sandford Tomato Catsup with Preservative*, 55 F Supp 725, *affd sub nom. Libby, McNeill & Libby v United States*, 148 F2d 71; *Matter of Chesterfield Assoc. v New York State Dept. of Labor*, 4 NY3d 597; *Matter of Howard v Wyman*, 28 NY2d 434; *Matter of Sarbro: VII v State of N.Y. Indus. Bd. of Appeals*, 215 AD2d 956; *Matter of Hudacs v Frito-Lay, Inc.*, 90 NY2d 342; *Bynog v Cipriani Group*, 298 AD2d 164; *United States v Indianapolis Athletic Club, Inc.*, 818 F Supp 1250; *Matter of La Cascade, Inc. v State Tax Commn.*, 91 AD2d 784.) II. Plaintiffs allege sufficient deception and injury to support a claim for consumer fraud under General Business Law § 349. (*Stutman v Chemical Bank*, 95 NY2d 24; *Karlin v IVF Am.*, 93 NY2d 282; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20; *Small v Lorillard Tobacco Co.*, 94 NY2d 43;

*Securitron Magnalock Corp. v Schnabolk,* 65 F3d 256; *New York v Feldman,* 210 F Supp 2d 294; *Melino v Equinox Fitness Club,* 6 AD3d 171; *Baron v Pfizer, Inc.,* 42 AD3d 627; *Donahue v Ferolito, Vultaggio & Sons,* 13 AD3d 77; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 344 F3d 211.)

*McNamee, Lochner, Titus & Williams, P.C.,* Albany (*David J. Wukitsch* of counsel), for New York State Restaurant Association, amicus curiae. I. Federal law and decisions of the New York Industrial Board of Appeals hold that service charges are not gratuities. II. The position urged by the Attorney General would introduce uncertainty into the law and should be rejected.

*Paul, Weiss, Rifkind, Wharton & Garrison LLP,* New York City (*Marc Falcone* of counsel), and *David A. Colodny* for Urban Justice Center and others, amici curiae. I. The reasonable customer generally understands a "service charge" to substitute for and displace the customary tip. (*Hai Ming Lu v Jing Fong Rest., Inc.,* 503 F Supp 2d 706.) II. Labor Law § 196-d applies to mandatory fees and charges. III. Restaurant and banquet operations can easily minimize doubt about a reasonable customer's understanding of a service charge. (*511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144.) IV. Contrary to the New York State Restaurant Association's argument, the text and legislative history show that Labor Law § 196-d applies to banquet charges purported to be gratuities.

## OPINION OF THE COURT

CIPARICK, J.

In *Bynog v Cipriani Group* (1 NY3d 193 [2003]), we left open the question as to whether Labor Law § 196-d, which forbids an employer from retaining any part of a gratuity or "any charge purported to be a gratuity" for an employee applies only to a voluntary gratuity or tip presented by a customer or whether it may also apply to a service charge that is held out to the customer as a substitute for a tip. We conclude that a charge that is not a voluntary payment may be a "charge purported to be a gratuity" within the meaning of the statute.

As alleged in the complaint, plaintiffs are former and present restaurant servers who claim their employers violated Labor Law § 196-d by failing to properly remit the money collected as either service charges, gratuities included within the ticket price or automatic gratuities added at the time of purchase of a ticket for three types of dining cruises provided by defendants: banquet cruises, general public dining and special events

cruises. All of the dining cruises take place in New York harbor on boats either owned and/or operated by defendants. Banquet cruises are private events which involve either individual or corporate patrons that have contracted with defendants to charter an entire vessel for celebratory, ceremonial, charitable or corporate purposes. General public dining cruises are attended by members of the general public who purchase individual tickets either from defendants directly or from designated travel and tour operators; as to these cruises, plaintiffs' complaint is limited to charges paid by customers in the latter category. Special event dining cruises are held on major holidays, such as July 4th and New Year's Eve, and are similar to the general public dining cruises in that tickets are available to the general public; however, tickets for special event cruises are sold at a significantly higher price. Meals and drinks are served at all three types of cruises. Plaintiffs characterize the meals and drinks provided on these cruises as luxury dining in which customers would expect to pay a gratuity of between 15% to 20%. Defendants pay their employee waitstaff an hourly wage which varies according to the type of cruise. Tips are allowed although are seldom collected, allegedly because patrons believe the tip is included in the price of the cruise.

Plaintiffs' complaint asserts seven causes of action. The first cause of action alleges World Yacht[1] violated Labor Law § 196-d by withholding gratuities from its waitstaff with respect to all three types of cruises. In relation to defendants' banquet cruises, plaintiffs assert that defendants told inquiring customers that the 20% service charge is remitted to defendants' waitstaff as the gratuity, but then failed to distribute any amount of the service charge to their waitstaff. Plaintiffs further argue that defendants should be precluded from treating the 20% banquet service charge as anything other than a gratuity because defendants presented banquet patrons with bills which segregated and excluded the banquet service charge from other banquet charges thereby treating the banquet service charge like a gratuity for sales tax purposes, and presumably for income tax purposes as well. As to the general public dining cruises (to the extent customers come through travel and tour operators) and special event cruises, plaintiffs assert that World Yacht manipulated the custom of tipping by representing to the

---

1. "World Yacht" refers to all of the defendants collectively, including New York Cruise Lines Inc., World Yacht Inc., World Yacht LLC and World Yacht Limited Partnership.

customer that the gratuity was included in the ticket price but then only remitting to its employees a gratuity of between 4% to 7%.

Plaintiffs' second cause of action alleges that World Yacht violated General Business Law § 349 by (1) misrepresenting to its banquet customers that the 20% service charge would be remitted to the waiters, (2) misrepresenting to its general public dining cruise patrons that the ticket price included the gratuity and (3) misrepresenting to its special event patrons that upon purchasing a ticket for a special event cruise, an automatic gratuity is added to the price of the ticket at the time of purchase. Plaintiffs' third cause of action alleges defendants were unjustly enriched by wrongfully retaining gratuities meant for their waitstaff. Plaintiffs' remaining causes of action alleging violations of federal and state wage and labor laws are not relevant to this appeal. Defendants moved for an order pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' first three causes of action for failure to state a claim. Supreme Court granted, in part, defendants' motion by dismissing plaintiffs' General Business Law § 349 action in its entirety, and relying on the Appellate Division's decision in *Bynog v Cipriani Group* (298 AD2d 164 [1st Dept 2002], *affd as mod* 1 NY3d 193 [2003]), dismissed that portion of plaintiffs' Labor Law § 196-d cause of action which alleged defendants failed to remit the 20% service charge collected at banquet cruises. The Appellate Division unanimously modified, on the law, dismissing plaintiffs' unjust enrichment claim and the remainder of the first cause of action holding that special event and public dining patrons "paid a mandatory service charge that was not in the nature of a voluntary gratuity, and thus the failure to remit any of this charge to the waitstaff did not constitute a violation of section 196-d, notwithstanding defendants' treatment of the charge for sales or income tax purposes, and the fact that certain patrons believed the charge to be in the nature of a gratuity" (38 AD3d 328, 328-329 [2007]) and otherwise affirmed. The Appellate Division certified the following question: "Was the order of the Supreme Court, as modified by the decision and order of this Court, properly made?" We answer the certified question in the negative and hold that plaintiffs sufficiently pleaded a cause of action for violation of Labor Law § 196-d.

In relation to gratuities, Labor Law § 196-d requires that:

"No employer or his agent or an officer or agent of

any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

Labor Law § 196-d further states in its last sentence that:

"Nothing in this subdivision shall be construed as affecting . . . practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee."

In *Bynog v Cipriani Group* (1 NY3d 193, 196 [2003]) we held "that because plaintiffs were independent contractors and not employees of the defendants, they [we]re not entitled to recover [service charge] payments." However, we "reserve[d] judgment as to whether those waiters would be entitled to a share of [the] service charge under Labor Law § 196-d if [the waitstaff] were employees" (*id.* at 199 n 4). On this appeal plaintiffs, supported by the New York State Attorney General and the New York State Department of Labor (NYSDOL), assert defendants violated Labor Law § 196-d by informing their banquet patrons that the 20% service charge was waitstaff's tip. Plaintiffs further assert that World Yacht violated Labor Law § 196-d by telling its travel and tour patrons as well as its special events patrons that a gratuity was included within the ticket price for the cruise.

Defendants assert that in order to constitute a gratuity, within the purposes of Labor Law § 196-d, a payment must be voluntary and not mandatory and that the payments here were mandatory. In *Weinberg v D-M Rest. Corp.* (53 NY2d 499, 507 [1981]), we quoted with approval the Arizona Supreme Court's determination in *Beaman v Westward Ho Hotel Co.* (89 Ariz 1, 4-5, 357 P2d 327, 329 [1960]) that "[a] tip is in law, if not always in fact, a voluntary payment." We also cited, with approval, *Peoria Hotel Co. v Illinois Dept. of Revenue* (87 Ill App 3d 176, 178-179, 408 NE2d 1182, 1184 [1980]) which held that a fixed percent gratuity charge added to banquet customers' bills was really a mandatory charge.

We have stated that "[w]hen presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature"

(*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]). "The language of a statute is generally construed according to its natural and most obvious sense . . . in accordance with its ordinary and accepted meaning, unless the Legislature by definition or from the rest of the context of the statute provides a special meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 191-194 [1971 ed]). Labor Law § 196-d clearly forbids an employer demanding or accepting, "any part of the gratuities, received by an employee, or retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee." Plaintiffs' complaint alleges that World Yacht told inquiring patrons that the service charge is the gratuity, or that it is paid to the waitstaff as additional compensation in place of a gratuity, thus discouraging patrons from leaving an additional tip. Defendants characterize the enactment of Labor Law § 196-d as having no manifestation of legislative intent for the term "gratuity" to encompass charges such as the mandatory banquet service charges at issue. We disagree. The language of the statute states that it is a violation of Labor Law § 196-d to "retain any part of a gratuity or . . . any charge purported to be a gratuity for an employee." We have repeatedly stated that "where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 581 [2006] [brackets omitted], quoting *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]). Given the language, "any charge [2] purported [3] to be a gratuity" and the remedial nature of Labor Law § 196-d, such language should be liberally construed in favor of the employees. Both the plain meaning of Labor Law § 196-d and its legislative history establish that the service charges at issue in this

---

**2.** Black's Law Dictionary 248 (8th ed 2004) (hereinafter Black's) defines "charge," in pertinent part, as "[t]o demand a fee [or] to bill." Merriam Webster's Collegiate Dictionary 192 (10th ed 1993) (hereinafter Webster's) defines "charge," in pertinent part, as "expense [or] cost [and] the price demanded for something."

**3.** "Purport" or "purported" have been variously defined as: "[r]eputed [or] rumored"; "[t]he idea or meaning that is conveyed or expressed"; and "[t]o profess or claim, esp. falsely; to seem to be" (*see* Black's at 1271; *see also* Webster's at 949 [defining "purported" as: "reputed (or) alleged" and "purport" as: "meaning conveyed, professed, or implied" and "to have the often specious appearance of being, intending, or claiming (something implied or inferred)"]).

appeal are contemplated within Labor Law § 196-d.[4] Even if the charge is mandatory, and not subject to negotiation, when a complaint asserts, as plaintiffs' complaint asserts here, that a service charge has been represented to the consumer as compensation to defendants' waitstaff in lieu of the gratuity, such allegation is covered within the statutory language of Labor Law § 196-d. It is well settled that a court, when deciding whether to grant a motion to dismiss pursuant to CPLR 3211, must take the allegations asserted within a plaintiff's complaint as true and accord plaintiff the benefit of every possible inference, determining only whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]).

We agree with the Attorney General of the State of New York and the NYSDOL, charged with enforcing Labor Law § 196-d, that the standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer as this standard is consistent with the purpose of Labor Law § 196-d. The Labor Department's interpretation of a statute it is charged with enforcing is entitled to deference. The construction given statutes and regulations by the agency responsible for their administration, "if not irrational or unreasonable," should be upheld (*see Matter of Chesterfield Assoc. v New York State Dept. of Labor*, 4 NY3d 597, 604 [2005], quoting *Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]).

The NYSDOL's opinion letters support our holding that a banquet charge, like any charge can "purport[ ] to be a gratuity" and that the reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity. The NYSDOL in an opinion letter dated March 26, 1999, stated that

"[i]f the employer's agents lead the patron who purchases a banquet or other special function to believe that the contract price includes a fixed percentage as a gratuity, then that percentage of the contract price must be paid in its entirety to the

---

**4.** The drafters of Labor Law § 196-d sought to end the "unfair and deceptive practice" of an employer retaining money paid by a patron "under the impression that he is giving it to the employee, not to the employer" (*see* Mem of Indus Commr, June 6, 1968, Bill Jacket, L 1968, ch 1007, at 4).

waiters, busboys and 'similar employees' who work at that function, even if the contract makes no reference to such a gratuity."

World Yacht asserts that the last sentence of Labor Law § 196-d exempts the banquet industry from the proscription of Labor Law § 196-d and allows an employer to retain service charges. We disagree. The legislative history of the last sentence makes what has been referred to as the banquet exception quite clear. The New York State Hotel & Motel Association, Inc. requested the inclusion of this language upon the drafting of Labor Law § 196-d in order to ensure the industry could continue its common practice of applying a fixed percentage, or lump sum payment, to a banquet patron's bill as a gratuity which then was distributed to all personnel engaged in the function, waitstaff, bartenders, busboys and all other similar employees. It was feared that without this language the practice of pooling for later distribution of tips to all involved employees would be prohibited because upon receiving payment, a person could believe they were entitled to retain the entire amount and not share with the rest of the personnel who worked the banquet (*see* Letter from NY State Hotel & Motel Assn, May 21, 1968, Bill Jacket, L 1968, ch 1007, at 12). Therefore World Yacht's contention that banquet service charges are not contemplated within "any charge purported to be a gratuity" is incorrect.

As further indication that defendants held out the mandatory service charges as gratuities, plaintiffs point to World Yacht's tax treatment of these monies. Supreme Court declined to examine defendants' treatment of the service charge at issue for tax purposes, while the Appellate Division found no violation of section 196-d, "notwithstanding defendants' treatment of the charge for sales or income tax purposes" (38 AD3d 328, 329 [2007]). We cannot accept this proposition. Plaintiffs should be entitled to show defendants' tax treatment of the charges since charges that are treated as gratuities for tax purposes could also be represented to patrons as being gratuities as well.

We likewise disagree with the Appellate Division that no Labor Law § 196-d violation existed with respect to special event cruises and public dining cruises booked through travel and tour operators. That court held that "[a]ll of these patrons paid a mandatory service charge that was not in the nature of a voluntary gratuity, and thus the failure to remit any of this charge to the waitstaff did not constitute a violation of section 196-d"

(38 AD3d 328, 328-329 [2007]). We hold that the statutory language of Labor Law § 196-d can include mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees. An employer cannot be allowed to retain these monies. Thus plaintiffs' first cause of action should be reinstated in its entirety and plaintiffs should be allowed to go forward on this cause of action as it relates to all three types of cruises.

■ Turning to plaintiffs' second cause of action alleging that World Yacht engaged in deceptive consumer practices under General Business Law § 349, we conclude that it was properly dismissed. In order to assert a prima facie cause of action under General Business Law § 349, a plaintiff must be able to establish that a defendant intended to deceive its customers to the customers' detriment and was successful in doing so. "[P]roof that a material deceptive act or practice caused actual, although not necessarily pecuniary, harm is required to impose compensatory damages" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56 [1999] [internal quotation marks, emphasis and citation omitted]). Since plaintiffs here cannot show how World Yacht's customers suffered a detriment by agreeing to pay the service charges, the automatic gratuities, or the added gratuities, plaintiffs failed to establish a prima facie claim under General Business Law § 349 and therefore plaintiffs' second cause of action was properly dismissed.

■ As to plaintiffs' third cause of action for unjust enrichment, this action does not lie as plaintiffs have an adequate remedy at law and therefore this claim was likewise properly dismissed. We have reviewed all other arguments and find them without merit.

Accordingly, the Appellate Division's order should be modified, without costs, by reinstating plaintiffs' first cause of action and, as so modified, affirmed. The certified question should be answered in the negative.

Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge KAYE taking no part.

Order modified, etc.