LUIS RAMIREZ et al., Respondents, v MANSIONS CATERING, INC., et al., Appellants. [905 NYS2d 148]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 28, 2009, which, to the extent appealed from, certified as plaintiffs a class of all wait staff employees employed by defendants Mansions Catering and/or Sam Milliken, from August 14, 2002 through the present, who have not been paid gratuities or similar payments received by defendants from customers, to which the class is allegedly entitled, unanimously affirmed, with costs.

Section 196-d of the Labor Law provides, in pertinent part, that no "employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." In *Samiento v World Yacht Inc.* (10 NY3d 70 [2008]), the Court of Appeals held that the "gratuity" provisions of section 196-d "can include mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees" (*World Yacht,* 10 NY3d at 81).

Defendants' principal argument on this appeal is that the Court of Appeals' holding in *World Yacht* should not be applied retroactively to plaintiffs' class or individual claims. Defendants contend that, because they assertedly changed their policies to comply with *World Yacht* within months of that ruling, prospective-only application of the *World Yacht* holding would eliminate the bulk of plaintiffs' claims, most of which predate *World Yacht,* and compel the decertification of plaintiffs' class action. Defendants' arguments lack merit.

Although cases are generally decided in accordance with the law as it exists at the time they are decided, a new rule of state law need not automatically be applied retroactively (*People v Favor,* 82 NY2d 254, 262 [1993]). A judicial decision announces a "new rule" where it "overrul[es] established precedent" or

constitutes "such a sharp break in the continuity of law" or "a dramatic shift away from customary and established procedure" that its "impact will wreak more havoc in society than society's interest in stability will tolerate" (*Favor*, 82 NY2d at 263 [citations and internal quotation marks omitted]).

The Court of Appeals' holding in *World Yacht* is "[a] judicial decision construing the words of a statute," and, as such, "does not constitute the creation of a new legal principle" (*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 192 [1982], *cert denied* 459 US 837 [1982]). Moreover, the only pre-*World Yacht* appellate decision construing Section 196-d's "gratuity" provisions was our decision in *Bynog v Cipriani Group* (298 AD2d 164 [2002], *affd as mod* 1 NY3d 193 [2003]), where we held that a "contractual 22% 'service charge' " was not a "voluntary gratuity" within the meaning of section 196-d (*Bynog*, 298 AD2d at 165). In modifying our order on other grounds, however, the Court of Appeals expressly "reserve[d] judgment as to whether those waiters would be entitled to a share of Cipriani's service charge under Labor Law section 196-d if they were employees" (*Bynog*, 1 NY3d at 199 n 4). Hence, prior to the Court of Appeals' decision in *World Yacht*, the issue of whether mandatory service charges could constitute "gratuities" under section 196-d had not been authoritatively resolved. Because there was no existing body of established precedent on the issue, *World Yacht* was not a departure from existing law and thus not a "new rule" subject to retroactivity analysis. To the contrary, the Court of Appeals' construction of section 196-d was "foreshadowed" by the plain meaning of the term "gratuity," as used in the statute (*Gurnee*, 55 NY2d at 192).

Since no "new rule" was pronounced in *World Yacht*, there is no basis here for disturbing the presumption that its holding be accorded retroactive effect (*see Favor*, 82 NY2d at 262-263). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.