■ Rose Marie Reilly et al., Appellants-Respondents, v Richmond County Country Club, Respondent-Appellant. [909 NYS2d 732]—

In an action, inter alia, to recover damages for violation of Labor Law § 196-d, the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated September 21, 2009, as denied their motion for summary judgment on the issue of liability on so much of the complaint as alleged violations of Labor Law § 196-d with respect to banquet contracts distributed by the defendant prior to March 2008, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing so much of the complaint as alleged violations of Labor Law § 196-d with respect to its banquet contracts that included service charges.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs are former and current banquet waitstaff employees of the defendant country club. In their complaint, they allege that over a number of years, the defendant collected mandatory gratuities and service charges from its patrons and thereafter failed to distribute them to the plaintiffs, in violation of Labor Law § 196-d. Labor Law § 196-d provides, in pertinent part, that "[n]o employer . . . shall demand or accept, directly

or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee," but that "[n]othing in [Labor Law § 196-d] shall be construed as affecting . . . practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee" (Labor Law § 196-d).

The plaintiffs moved for summary judgment on the issue of liability on so much of the complaint as alleged violations of Labor Law § 196-d with respect to banquet contracts distributed by the defendant prior to March 2008. In support of their motion, they argued that the mandatory 18% or 20% service charge, which was separately itemized in those contracts, was a charge "purported to be a gratuity" within the meaning of Labor Law § 196-d, and presented evidence that those service charges had not been distributed to them. The defendant cross-moved for summary judgment dismissing so much of the complaint as alleged violations of Labor Law § 196-d with respect to its banquet contracts that included service charges. The Supreme Court denied the motion and the cross motion, and we affirm the order insofar as appealed and cross-appealed from.

In *Samiento v World Yacht Inc.* (10 NY3d 70 [2008]), the Court of Appeals held that a "charge purported to be a gratuity" within the meaning of Labor Law § 196-d, imposed within the banquet industry, can include a mandatory service charge if the service charge "has been represented to the consumer as compensation to defendants' waitstaff in lieu of the gratuity" (*Samiento v World Yacht Inc.*, 10 NY3d at 79; *see Ramirez v Mansions Catering, Inc.*, 74 AD3d 490, 491 [2010]). "[T]he standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer," and "the reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity" (*Samiento v World Yacht Inc.*, 10 NY3d at 79). "[T]he statutory language of Labor Law § 196-d can include mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees" (*id.* at 81).

Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law with regard to banquet contracts distributed by the defendant prior to March 2008 by presenting evidence that the defendant represented or allowed its patrons to believe that the mandatory banquet service

charges at issue were gratuities for its employees (*id.*). In opposition, however, the defendant raised triable issues of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit. Accordingly, the Supreme Court properly denied both the motion and the cross motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Covello, J.P., Leventhal, Belen and Hall, JJ., concur.