STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-213
WSB – YOR-9/20 2011

ALLISON HAYDEN-TIDD,
on behalf of herself and all
others similarly situated,

        Plaintiffs

v.

THE CLIFF HOUSE & MOTELS, INC.
and KATHRYN M. WEARE,

        Defendants

**DECISION**

Defendants The Cliff House & Motels (Cliff House) and Cliff House owner Kathryn M. Weare have moved for summary judgment. Plaintiff Allison Hayden-Tidd has also moved for summary judgment. There are no material disputed facts. The only issue is the interpretation of the Maine Tip Credit Statute, 26 M.R.S. § 664(2), which states in pertinent part:

> "The tips received by a service employee become the property of the employee and may not be shared with the employer.... Tips that are automatically in the customer's bill or that are charged to a credit card must be given to the service employee...."

26 M.R.S. § 664(2) (2010).

Ms. Hayden-Tidd is a banquet server at Cliff House. All banquet purchasers at Cliff House are charged a flat 19 percent service charge. Only the first 13 percent of the 19 percent is disbursed to servers like Ms. Hayden-Tidd. The remaining 6 percent goes to other employees of Cliff House who work on the banquets in one way or another. Included in the 6 percent group are nine different categories of workers from the

Director of Group Sales and Guest Services, who gets a commission on every banquet, down to kitchen line workers, who get a much smaller percentage. (Pl.'s S.M.F. ¶ 8.) No part of the 19 percent is distributed to ownership. (Def.'s S.M.F. ¶ 6.)

Ms. Hayden-Tidd's position is that under Maine's Tip Credit Statute, she and the other banquet servers should get the entire 19 percent of the service charge. Cliff House's position is that the service charge is not a tip as a matter of law and Cliff House can disburse the 19 percent service charge as it deems appropriate.

Although this is a matter of first impression in Maine, other jurisdictions have dealt with the issue. The United States Department of Labor has established that banquet service charges are not tips. *See* 29 C.F.R. 531.52 (2011). Other states, such as Massachusetts, expressly include service charges in its labor law as a fee in lieu of a tip that must be paid completely to waitstaff employees. *See* Mass. Gen. Laws ch. 149, § 152A (2011). Hawaii does the same, but gives the employer the option to exempt service charges if the employer clearly notifies the customer that the service charge is being used to pay expenses other than wages and tips. *See* Haw. Rev. Stat. § 481B-14 (2011). New York requires service charges to be distributed to servers but only if the employer purports the charge to be a gratuity for an employee. *Samiento v. World Yacht, Inc.*, 883 N.E. 2d 990 (N.Y. 2008).

The only clear theme in this controversy is that all jurisdictions that have addressed the issue recognize that there is a difference between a tip and a banquet service charge. The Code of Federal Regulations explains the difference as follows:

> "A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer,

2

who has the right to determine who shall be the recipient of the gratuity...."

29 C.F.R. 531.52.

Under this definition, a tip is earned by a particular waiter or waitress. The tip is paid by a particular customer for a particular service. A banquet server in contrast does not discuss the menu with the customer, does not make recommendations, and does not take orders. A banquet server does not develop a relationship with a particular banquet customer. The banquet server simply serves food. The customer does not tip the banquet server according to how well he is served. The purchaser of the banquet pays the service charge regardless of the quality of service.

According to the undisputed deposition testimony of Ms. Weare, a banquet server does not even get reimbursed for a particular banquet. (*See* Def.'s S.M.F. ¶ 8.) All of the banquet service charges for a pay period are thrown into a pool and the banquet employees are paid according to the number of hours worked on banquets during that period. (*Id.*)

Ms. Hayden-Tidd focuses on the phrase "automatically included" in the Maine Tip Credit Statute and concludes that the plain meaning of the statute requires that the service charge be disbursed exclusively to waitstaff. The problem with this approach is that the statute refers to "tips" that are automatically included, not banquet service charges that are automatically included.

The deposition testimony of Ms. Weare establishes that Cliff House has an automatically included tip. Purchasers of Cliff House packages are told that a 15 percent charge will be included in the packages. (Pl.'s S.M.F. ¶ 25, *as qualified by* Def.'s Reply S.M.F. ¶ 25.) In the case of a package, the waitperson attends a particular party. (*Id.*) The party can either rely on the 15 percent automatic tip or pay more. (*Id.*) In any

3

event, all of the charge goes to the waitperson who attended the party. (*Id.*) None of it goes into the banquet server pool and none of it goes to management. (*Id.*)

In Maine – or at least at Cliff House – there are "automatically included" service charges and there are "automatically included" tips. There are also tips that are not automatically included. The tips – whether automatically included or not – go exclusively to the waitstaff. The banquet service charges go to the pool and then, according to a formula worked out by Cliff House, to all the employees who have worked on the banquet.

One hesitates to assume what the legislature knew when it passed the Tip Credit Statute and what it didn't know. Nevertheless, the distinction between banquet service charges and tips has been longstanding. It seems unlikely that the legislature did not know of the distinction.

The Maine Legislature did not include banquet service charges in its tip credit act. The Legislature easily could have. The Legislature could easily amend the act to say that tips include banquet service charges. The only reference in the current act is to tips. A banquet service charge is not a tip, either by custom or in our labor law or in other jurisdictions. A banquet service charge is treated as a tip only when the Legislature requires that it be treated as a tip.

When a statute is ambiguous, it is appropriate to look to the administrative agency that is charged with enforcing the statute. Cliff House has furnished the court with a letter from an official at the Maine Department of Labor indicating that the Department distinguishes service charges from tips and allows businesses such as Cliff House to distribute service charges differently from tips or gratuities as long as the customer knows a service charge is a service charge. (Def.'s S.M.F. ¶ 12.)

4

Because Cliff House failed to present the Department of Labor's interpretation of the statute by affidavit or deposition, the letter from Wage and Hour Division Director Anne Harriman cannot be assigned any weight.

At oral argument Cliff House, acknowledging that Ms. Harriman's letter might be inadmissible, pointed to the 2007 legislative testimony of William Peabody as a possible substitute for Ms. Harriman's letter. Mr. Peabody did testify in 2007 that the Bureau wanted to make Maine law regarding tips consistent with federal law. But Mr. Peabody did not address the issues in this case specifically. (*See* Def.'s Mot. Summ. J., Ex. 7.) Thus, although Mr. Peabody's testimony contradicted nothing in Ms. Harriman's letter, it is not conclusive.

The precedent that at first blush seems to support Ms. Hayden-Tidd's position is *Samiento v. World Yacht, Inc*, 883 N.E. 2d 990 (N.Y. 2008). The Court of Appeals of New York reversed two lower courts by holding that a mandatory banquet service charge must be treated as a tip and distributed to the waitstaff if a reasonable patron would understand that the service charge was being collected in lieu of a gratuity. *Id.* at 996. Ms. Hayden-Tidd has requested that I accept this as a fall back position if I cannot read Maine's tip credit statute to require that all banquet service charges always be distributed exclusively to waitstaff.

Unfortunately for Ms. Hayden-Tidd, the New York Court of Appeals based its decision on New York's tip credit statute, and New York's statute is different from Maine's. *See* N.Y. Labor Law § 196-d. New York's tip credit states that "No employer ... shall demand ... or retain any part of a gratuity or of any charge purporting to be a gratuity for an employee." *Id.* The *Samiento* ruling turns on the phrase "any charge purporting to be a gratuity for an employee." *See* 883 N.E. 2d at 994. The plaintiffs in *Samiento* had alleged that 1) defendants told customers that the 20% service charge is

5

remitted to waitstaff as the gratuity but in fact did not remit any part of the service charge to waitstaff, and that 2) the ticket price included the gratuity, and that 3) an automatic gratuity is added to the ticket price at the time of purchase. *Id.* at 992. The New York Court ruled that if plaintiffs could prove those allegations, they could prove that defendants were retaining a charge purporting to be a gratuity. *Id.* at 996. The fact that the service charge was mandatory rather than voluntary did not get defendants off the hook because defendants were telling customers that the service charge was a gratuity. *Id.* at 994.

There are no allegations in this case that Cliff House told its customers that the service charge was a gratuity. Even if there were such evidence it would do Ms. Hayden-Tidd no good because the Maine tip credit statute lacks the "charge purporting to be a gratuity" language contained in the New York statute. The New York statute, on close reading, retains the distinction between a service charge and a tip. However it requires that even a service charge must be turned over to the employee if the employer has led a reasonable customer to believe the service charge is a tip. It is not, of course, the province of the court to modify the tip credit statute. That is the province of the Legislature.

It is also of interest that the Maine Legislature recently amended the tip statute to remove any doubt as to the meaning of "tip." "Tip does not include a service charge added to a customer's bill in a banquet or private club setting by agreement between the customer and employer." P.L. 2011, ch. 118, § 2. The revised statute goes on to specify that so long as the employer notifies the customer that the service charge is not a tip, the employer can use the service charge to compensate all of its employees, not just the service employees. *Id.* § 4.

In other words the amendments affirm the practice of Cliff House but require Cliff House to make sure that the customer is on notice that the service charge is not a tip.

It is unclear from the legislative history whether the Legislature used the new statutory provisions to clarify or modify the current meaning of the law. What is clear is that the Legislature is reaffirming that a "tip" is not a "service charge."

Furthermore the Legislature has reaffirmed that a tip is a "sum presented by a customer in recognition of services performed by one or more service employees, including a charge automatically included in the customer's bill." *Id.* § 2. "A sum presented by a customer in recognition of services ..." strongly suggests particular service to a particular customer. That is what is important. Banquet servers do not render particular services. Nor are they recognized in particular by the customers. Absent a statutory command, banquet servers are not entitled to 100% of the banquet service charge.

For all of the above stated reasons, the clerk will make the following entry by reference.

Defendant Cliff House's motion for summary judgment is granted.
Plaintiff Hayden-Tidd's motion for summary judgment is denied.


DATED:      September 2? 2011

_____
William S. Brodrick, AR Justice
Maine Superior Court

ATTORNEYS FOR THE PLAINTIFF:
TIMOTHY BELCHER
SHANNON LISS-RIORDAN pro hac vice
HILLARY SCHWAB pro vac vice
LICHTEN & LISS-RIORDAN PC
100 CAMBRIDGE STREET 20th FLOOR
BOSTON MA   02114

ATTORNEY FOR DEFENDANT:
ROBERT KLINE
KLINE LAW OFFICES
PO BOX 7859
PORTLAND ME   04112-7859

7