Ahmed v Morgan's Hotel Group Mgt., LLC (2018 NY Slip Op 02741)





Ahmed v Morgan's Hotel Group Mgt., LLC


2018 NY Slip Op 02741


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6322 15384/15

[*1]Jahangir Ahmed, etc., Plaintiff-Appellant,
v
Morgan's Hotel Group Management, LLC, et al., Defendants-Respondents.


Leeds Brown Law, P.C., Carle Place (Brett R. Cohen of counsel), for appellant.
Fox Rothschild LLP, New York (Francis V. Cook of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about February 28, 2017, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's motions for summary judgment, class action certification, and leave to amend the complaint, unanimously affirmed, without costs.
Plaintiff, a banquet server's assistant at a hotel, claims that defendants wrongly withheld gratuities from him (see Labor Law § 196-d), because they kept administrative charges to which he was entitled. 12 NYCRR 146-2.18(b) provides, "There shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging ... is a charge purported to be a gratuity." However, defendants' Banquet Event Order (BEO), which served as the detailed contract and bill for catered events, satisfied the statutory requirement that the "administrative charge" for events not be a charge purported to be a "gratuity" and that it be clearly identified so that "a reasonable customer would understand that such charge was not purported to be a gratuity" (see id. 146-2.19). The BEO reflected two separate charges in addition to food and beverage charges and notified customers that the gratuity would be distributed to the staff and that the administrative charge was not a gratuity but the property of the hotel. No reasonable customer would have been confused (see Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]). That other documents generated in connection with the event, such as proposals, did not include the explanatory language does not render the BEO language ineffective.
Plaintiff also claims that defendants' notice to him that they intended to take a credit toward the basic minimum hourly rate if he received enough tips (12 NYCRR 146-1.3; see also Labor Law 195[3]) did not fully comply with 12 NYCRR 146-2.2, because it did not state that, in the event plaintiff did not earn enough tips to meet the minimum, they would be responsible for paying him the difference. However, Labor Law § 198(1-d) provides that "it shall be an affirmative defense that ... the employer made complete and timely payment of all wages due pursuant to this article," and the record demonstrates that plaintiff was always paid more than minimum wage.
In view of the foregoing, we do not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK