Robinson v Foremost Glatt Kosher Caterers, Inc. (2021 NY Slip Op 01219)





Robinson v Foremost Glatt Kosher Caterers, Inc.


2021 NY Slip Op 01219


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 158042/18, 595199/19 Appeal No. 13231 Case No. 2020-02661 

[*1]Barry Robinson etc., Plaintiff,
v
Foremost Glatt Kosher Caterers, Inc., et al., Defendants.
Foremost Glatt Kosher Caterers, Inc., Third-Party Plaintiff-Respondent,
v
Kensington Event Staffing, Third-Party Defendant-Appellant, John Doe Corporations A, B, and C, Defendants.


Simon & Milner, Valley Stream (Eric M. Milner of counsel), for appellant.
Lindabury, McCormick, Estabrook & Cooper, New York (Stacey K. Edelbaum of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered March 9, 2020, which denied third-party defendant Kensington Event Staffing's (Kensington) motion to dismiss the third-party complaint as against it, unanimously reversed, on the law and the facts, with costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.
In this putative class action, plaintiff seeks to recover charges purported to be gratuities allegedly withheld from him and other catering service workers by defendant/third-party plaintiff Foremost Glatt Kosher Caterers, Inc. (Foremost) in violation of Labor Law § 196-d and the Hospitality Industry Wage Order (codified at 12 NYCRR part 146). The complaint alleges that Foremost assessed mandatory charges to its customers, allowed them to believe that the mandatory charges were gratuities that would be distributed to waitstaff at their events, and instead retained the charges for itself.
Foremost commenced a third-party action against Kensington, the company that supplied the waitstaff for the events, seeking indemnification for damages that may be recovered from Foremost in the first-party action. However, the third-party complaint alleges that Foremost's mandatory charges to its customers were used to cover its own discretionary costs and does not allege that these charges were ever paid to or shared with Kensington. Moreover, there is no allegation either in the complaint or third-party complaint that Kensington wrongfully withheld any mandatory charges purported to be gratuities from the waitstaff. Further, Foremost does not dispute Kensington's contention that it had nothing to do with Foremost's decision to impose the mandatory charges or retain them. Accordingly, Foremost has not stated a cause of action against
Kensington for implied indemnification (see Esteva v Nash, 55 AD3d 474, 475 [1st Dept 2008]; see generally McDermott v City of New York, 50 NY2d 211, 217 [1980]).
In light of the foregoing, the parties' remaining contentions are academic. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021