Robinson v Great Performances/Artists as Waitresses, Inc. (2021 NY Slip Op 02769)





Robinson v Great Performances/Artists as Waitresses, Inc.


2021 NY Slip Op 02769


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
Cynthia S. Kern Jeffrey K. Oing Lizbeth González


Index No. 152469/18 Appeal No. 13622 Case No. 2020-02572 

[*1]Barry Robinson et al., Plaintiffs,
v
Great Performances/Artists as Waitresses, Inc., et al., Defendants-Appellants.
Great Performances/Artists as Waitresses, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Kensington Events, Inc., Third-Party Defendant-Respondent, Top Shelf Staffing, LLC, Third-Party Defendant.



Defendants/third party plaintiffs appeal from an order of the Supreme Court, New York County (W. Franc Perry, J.), entered on or about April 27, 2020, which granted Kensington's motion to dismiss the third-party complaint as against it.




Defendants/third party plaintiffs appeal from an order of the Supreme Court, New York County (W. Franc Perry, J.), entered on or about April 27, 2020, which granted Kensington's motion to dismiss the third-party complaint as against it.
Ellenoff Grossman & Schole LLP, New York (Lois M. Traub of counsel), for appellants.
Simon & Milner, Valley Stream (Eric M. Milner of counsel), for respondents.



Kern, J. 


In this class action seeking to recover unpaid gratuities under New York Labor Law (NYLL) § 196-d, we are asked to determine whether an employer has a right to contractual indemnification from a third party for claims brought pursuant to that statute. We find that an employer does not have a right to contractual indemnification for claims brought pursuant to NYLL 196-d because indemnification under that statute, whether contractual or otherwise, is against public policy.
Defendants/third-party plaintiffs Great Performances/Artists as Waitresses, Inc., Liz Beth Neumark, Dean Martinus and Linda Abbey (together Great Performances) is a catering company that staffs its events through third-party staffing agencies. Plaintiffs Barry Robinson and Vincent Settecasi worked at various events catered by Great Performances and were hired through staffing agencies. Third-party defendant Kensington Events, Inc. (Kensington) provided Great Performances with workers to staff its events.
In March 2018, plaintiffs commenced this class action pursuant to NYLL 196-d to recover allegedly unlawfully retained tips and gratuities owed to them and other similarly situated persons who had performed work for Great Performances. NYLL 196-d, entitled "Gratuities," provides, in pertinent part, that:
"No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . ."
Plaintiffs alleged that Great Performances failed to pass along to workers a "Mandatory Charge" that it assessed its clients for catered events. They claimed that such Mandatory Charges were not charges for "food, beverages, lodging, or other specified materials," that Great Performances never "disclaim[ed] that the Mandatory Charge was not a gratuity and would not be distributed to the staff" and that "[r]easonable patrons would have understood the Mandatory Charge to be in the nature of a gratuity." Plaintiffs alleged that Great Performances "allowed its customers to believe that the Mandatory Charge was a gratuity and that it was going to be distributed to the waitstaff that worked the catered event" but that it improperly "retained that charge for [itself]."
Great Performances moved to dismiss the complaint, contending that it was not plaintiffs' "employer" for purposes of NYLL 196-d. Supreme Court denied the motion, finding that the complaint adequately pleaded the requisite control over plaintiffs and the putative class members by Great Performances to substantiate an employment relationship.
Thereafter, Great Performances commenced a third-party action against Kensington, which sought contractual indemnification for plaintiffs' claims brought pursuant to the NYLL.[FN1] Great Performances relied on the indemnification clause in the vendor agreement it maintained with Kensington, which [*2]provided, in pertinent part, that:
"To the fullest extent of the law, you will indemnify, defend and hold harmless [Great Performances] . . . against all claims, losses, damages, liabilities and related expenses (including reasonable attorney's fees) brought by any employee or independent contractor hired by you for any claims for wages and violation of the wage and hour federal and state laws, including but not limited to laws pertaining to overtime wages."
Kensington moved to dismiss the third-party complaint, contending that employers have no right to indemnification for claims brought under NYLL 196-d, whether contractual or otherwise. In opposition, Great Performances argued that the indemnification clause in the vendor agreement plainly required Kensington to indemnify it for plaintiffs' claims brought pursuant to the NYLL. It also argued that Kensington's motion should be denied as premature because a determination had not yet been made that Great Performances was plaintiffs' "employer" for purposes of NYLL 196-d and that if the court ultimately determined that Great Performances was not plaintiffs' "employer," Great Performances could seek contractual indemnification from Kensington for the defense costs it incurred in the action.
Supreme Court granted Kensington's motion and dismissed the third-party complaint as against it, noting that, "[a]ccording to both federal and state case law, the rule is that there is no right of contribution or indemnification for employers found liable under . . . the New York Labor Law provisions." It further held that "where employers can contract away their obligations under the statutes, enacted to protect employees, it would undermine an employer's willingness to comply with their obligations under those laws" and that such "principle is applicable even where the right to indemnification is set forth clearly in an agreement between the parties."
We agree and find that Great Performances' third-party complaint was properly dismissed as against Kensington on the ground that an employer has no right to contractual indemnification from a third party for claims brought pursuant to NYLL 196-d because indemnification under that statute, whether contractual or otherwise, is against public policy. Neither the Court of Appeals nor this Court has addressed the issue of whether an employer is entitled to contractual indemnification from a third party for claims brought pursuant to NYLL 196-d. However, the issue of an employer's right to indemnification, both contractual and common law, for claims brought pursuant to other sections of the NYLL and similar federal statutes has been addressed on the federal level and those cases are instructive.
In Herman v RSR Sec. Servs. Ltd. (172 F3d 132 [2d Cir 1999]), the U.S. Secretary of Labor brought a Fair Labor Standards Act (FLSA) action against a security company's chairman and 50% shareholder alleging improper withholding of wages to security guard employees. The [*3]chairman asserted third-party and cross claims against the company's other 50% shareholder as well as its manager and vice president, seeking contribution and/or common-law indemnity. The Second Circuit upheld the dismissal of the claims for indemnification, holding that "[t]here is no right of contribution or indemnification for employers found liable under the FLSA" (Herman, 172 F3d at 144). The court noted that the issue was one of first impression and explained that "the text of the FLSA makes no provisions for contribution or indemnification," "the statute was designed to regulate the conduct of employers for the benefit of employees," the existence of a "comprehensive remedial scheme" in the statute "strongly counsels against judicially engrafting additional remedies" and "the Act's legislative history is silent on a right to contribution or indemnification" (id. at 144). The court rejected the chairman's contention that his claims of contribution and indemnification against "co-employers" comport with the purpose and policy of the FLSA, stating that his "status as an employer places him outside of the statute's intended protection, regardless of the status of the party from whom he seeks contribution" (id. at 143).
While Herman involved only claims for common-law indemnification brought under the FLSA, Gustafson v Bell Atl. Corp. (171 F Supp 2d 311 [SD NY 2001])extended the holding in Herman to include claims for contractual indemnification brought under both the FLSA and NYLL. In Gustafson, the plaintiff, a chauffeur, sued Bell Atlantic to recover unpaid overtime compensation under the FLSA and NYLL 650 and 656. Bell Atlantic subsequently commenced a third-party action for contractual indemnification against JAG, plaintiff's company. Bell Atlantic had required chauffeurs to incorporate their own company before they could work for Bell Atlantic so that Bell Atlantic could hire them as independent contractors instead of employees. The Gustafson court held that Bell Atlantic had no right to contractual indemnification, stating:
"As Herman makes clear, 'there is no right to contribution or indemnification for employers held liable under the FLSA.' 172 F3d at 144. Even assuming JAG were found culpable for FLSA violations as plaintiff's 'co-employer,' the right to indemnification is still absent. See id. at 143 (explaining that 'regardless of the status of the party from whom [the employer] seeks contribution' no right to indemnification exists for employers under the FLSA). Furthermore, allowing defendants to obtain indemnification from JAG contradicts the policies of the FLSA. As Herman explains, 'the [FLSA] was designed to regulate the conduct of employers for the benefit of employees . . .' Id. at 144. Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute" (171 F Supp 2d at 328).
The court added in a footnote: "Although [*4]this discussion only relates to indemnification under the FLSA, the same reasoning holds for similar provisions of New York Labor Laws. The policies behind the New York laws are similar to the federal statute" (id. at n 8).
A number of other federal cases have also held that employers do not have a right to common-law and contractual indemnification of claims brought pursuant to comparable sections of the NYLL (see e.g Araujo v Macaire, 2020 WL 1816189, *7-8, 2020 US Dist LEXIS 64389, *18-20 [SD NY 2020]; Garcia v Cloister Apt Corp., 2018 WL 1353274, *2, 2018 US Dist LEXIS 42869, *6-7 [SD NY 2018]; Holt v Animation Collective, Inc., 2014 WL 1413548, *3, 2014 US Dist LEXIS 51625, *9-10 [SD NY 2014]; Goodman v Port Auth. of N.Y. & N.J., 850 F Supp 2d 363, 388-389 [SD NY 2012]).
Additionally, in Delphi Healthcare PLLC v Petrella Phillips LLP (158 AD3d 1329 [4th Dept 2018]), the Fourth Department followed Herman and Gustafson in dismissing an employer's indemnification claims. Specifically, the Court held that "[i]t is well established that 'there is no right of contribution or indemnity for employers found liable under the FLSA' and the FLSA preempts any conflicting provisions of state labor laws, including those of New York" (Delphi Healthcare PLLC, 158 AD3d at 1329-1330, quoting Herman, 172 F3d at 144). The Court went on to state that "[a] party may not avoid this bar on indemnity by seeking indemnification damages through other legal theories" (id. at 1330). While Delphi involved only a claim for common-law indemnification, there is no basis to conclude that its holding was limited to only common-law indemnity.
Although the aforementioned cases are not binding on this Court, we find them persuasive. NYLL 196-d was passed specifically "to end the 'unfair and deceptive practice' of an employer retaining money paid by a patron 'under the impression that he is giving it to the employee, not to the employer'" (Samiento v World Yacht Inc., 10 NY3d 70, 79 n 4 [2008], quoting Mem Of Indus. Commr June 6, 1968, Bill Jacket, L 1968, ch 1007 at 4). Similar to the FLSA, NYLL 196-d and other comparable sections of the NYLL were designed to regulate the conduct of employers for the benefit of employees (see Gustafson, 171 F Supp 2d at 327-328). The policies behind the statute sought to ensure that employers be held accountable for any wage violations and are not permitted to contract away liability. Indeed, holding that an employer has a right to contractual indemnification from a third party for claims brought pursuant to NYLL 196-d would undermine the employer's willingness to comply with its obligations under the statute. Based on the foregoing, we find that Great Performances has no right to contractual indemnification from Kensington for plaintiffs' claims brought pursuant to NYLL 196-d because indemnification under that statute, whether contractual or otherwise, is against public policy. [FN2]
To the extent other federal cases have upheld indemnification [*5]claims brought by employers against third parties for claims brought pursuant to the FLSA and similar sections of the NYLL, they are not persuasive and we decline to follow them as they do not represent the current state of the law (see Paganas v Total Maintenance Solution, LLC, 220 F Supp 3d 247 [ED NY 2016], vacated on other grounds by Paganas v Total Maintenance Solution, LLC, 726 Fed Appx 851 [2d Cir 2018]; Amaya v Garden City Irrigation, Inc., 2011 WL 564721, 2011 US Dist LEXIS 15316 [ED NY 2011]; Bogosian v All Am. Concessions, 2011 WL 4460362, US Dist LEXIS 109082 [ED NY 2011]).
Great Performances' assertion that dismissal of its third-party complaint as against Kensington is premature because no finding has yet been made as to whether Great Performances is plaintiffs' "employer" for purposes of the NYLL is without merit as such a finding is not relevant to our analysis. Even if it is determined that Great Performances is not plaintiffs' employer pursuant to the NYLL, and thus, could not be held liable to plaintiffs for a violation of the statute, Great Performances still would not be entitled to contractual indemnification from Kensington for the defense costs it incurred in the action. As an initial matter, it could not have been the intent of the parties that Great Performances would be entitled to indemnification from Kensington for defense costs under these particular circumstances, where it is alleged that Great Performances, on its own and without any involvement from Kensington, assessed its clients the "Mandatory Charge," kept the funds it received for itself and did not pass any of the funds on to Kensington.
Even if the parties had intended such a result, we find that it would be against public policy to allow Great Performances to seek defense costs from Kensington pursuant to an indemnification clause that we have held to be invalid and against public policy. This is particularly true under these circumstances, where it is undisputed that Kensington played no role in Great Performances' alleged unlawful retention of tips and gratuities and never received any portion of these tips and gratuities.
Accordingly, the order of the Supreme Court, New York County (W. Franc Perry, J.), entered on or about April 27, 2020, which granted Kensington's motion to dismiss the third-party complaint as against it, should be affirmed, without costs.
Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about April 27, 2020, affirmed, without costs.
Opinion by Kern, J. All concur.
Webber, J.P., Kern, Oing, González
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021



Footnotes

Footnote 1: Great Performances asserted a similar third-party claim against another staffing agency, Top Shelf Staffing, LLC, but it is not a party to this appeal.

Footnote 2: In the recent case of Robinson v Foremost Glatt Kosher Caterers, Inc. (191 AD3d 616 [1st Dept 2021]), we addressed the merits of the defendant's common-law indemnification claim in our dismissal thereof. However, it would also have been appropriate to dismiss the indemnification claim on the ground that the defendant had no right to indemnification from the third party because indemnification for claims brought pursuant to NYLL 196-d is against public policy.